## Pomes *v.* McComb City.

[83. South. 636, In Banc. No. 20884.]

1. MUNICIPAL CORPORATIONS. *Not liable for injuries to pedestrians from projection three inches above ground at street crossings.*
   Where in an action against a city by a pedestrian, the declaration alleged that plaintiff was injured while crossing at a regular street crossing, by striking her foot against a brick or stone which the city had permitted to remain firmly imbedded in the crossing and protruding two or three inches above ground, the court held that a demurrer to the declaration was properly sustained.

2. SAME.
   In such case it will be presumed that the plaintiff stated her case in her declaration and she could not make by her evidence a stronger or different case than that stated in her declaration.

APPEAL from the circuit court of Pike county.
HON. D. M. MILLER, Judge.

Suit by Mrs. M. J. Pomes against McComb City. From a judgment for defendant, plaintiff appeals.

The grounds for demurrer mentioned in the opinion are as follows:

(1) The declaration in its entirety fails to state a cause of action against the defendant.

(2) A municipality is not required to keep its streets in perfectly safe condition.

(3) It is not negligent under the law for city authorities to knowingly permit a brick or stone protruding some two or three inches above the ground to remain in an unpaved street.

(4) That a brick or stone thoroughly embeded in the ground, and protruding some two or three inches above the ground, is not an obstruction in the contemplation of the law, which to be allowed or permitted to remain in the unpaved street is negligence.

And for other causes to be made known on the hearing.

*P. Z Jones,* for appellant.

The defendant demurred to the declaration setting up among other contentions the following: It is not negligent under the law for city authorities to knowingly permit a brick or stone protruding some two or three inches above the ground to remain in an unpaved street. That a brick or stone thoroughly embedded in the ground and protruding some two or three inches above the ground is not an obstruction in the contemplation of the law which to be allowed or permitted to remain in the unpaved street is negligence.

This demurrer was sustained and from the judgment of the court sustaining this demurrer and dismissing the suit, the plaintiff prosecutes an appeal to this court. The error assigned is the action of the court in sustaining the demurrer. The action of the court in sustaining the demurrer and dismissing the declaration was at least in our judgment premature and a prejudging of the case without having the merits presented or considered.

Whether it is negligent or not for municipal authorities to allow and permit objects to extend up above the surface of streets, street crossings or sidewalks would seem to depend largely on the kind of material used in their construction and maintenance. If sand and gravel is used, a different rule would prevail than where concrete has been used. A brick pavement or crossing would not be as smooth and even as one of macadam, or other such like material.

The demurrer erroneously assumes as an admitted and proven fact that the streets of McComb are unpaved and that the accident in question occurred on an unpaved street crossing. There is no allegation to this effect in

the declaration and there is nothing in the record to show that such is the fact.

The rule seems to be that municipalities are required to keep their streets, sidewalks and crossings in reasonably safe condition for use by persons who will exercise reasonable and ordinary care. *City of Meridian* v. *Crook,* 109 Miss. 700, et seq.

Whether the municipality has complied with the law depends on the facts and circumstances and all of the surroundings and conditions which can only be ascertained by an investigation and hearing of the facts.

Should it develop that this accident occurred in the heart of the business section of the city where the travel is constant and a multitude of persons are accustomed to use the crossing daily, and that the obstruction at this particular point was dangerous to persons in the reasonable and ordinary use of the crossing, and using it with due and reasonable care for their own safety, then it occurs to us that it would be a question for the jury to determine from all of the evidence as to whether its existence was or was not due to negligence o nthe part of the city authorities.

Should it develop also that at this particular point the city had recently been engaged in street repairing, and had a portion of the street crossing torn up and reconstructed, or that the crossing had been repaired and the rubbish and debris were left in the crossing by servants and agents of the city, and left there for such a length of time as to become embedded in the street, and thus become a menace and source of danger to persons using the crossing, and that this unsafe condition had existed long enough for the city to know of it by the exercise of reasonable diligence, and that with such knowledge of the dangerous and unsafe condition of the crossing the city had permitted it to remain and continue in that unsafe condition, and the plaintiff with-

out knowledge of this unsafe condition and while in the exercise of reasonable and the usual care in passing along over this crossing was injured and sustained damages, would it not be a question for the jury under all of the facts to say whether the city was liable on account of its negligence?

As said by this court, speaking through a former justice, in the case of *Bell* v. *Railroad Company,* 30 So. 821, and *Stevens* v. *Railroad Company,* 81 Miss. 206; "So many questions are integrated usually into the solution of the question of negligence—it is so necessary to examine all the circumstances making up the situation in each case—that it must be a rare case of negligence that the court will take from a jury."

A judge, sequestered from the ordinary man in the pursuit of his ordinary affairs in the rough and tumble game, is not prepared to say what is and what is not reasonable and proper care—does not have the same viewpoint as the rough and ready representative juror, taken from the surging, struggling crowd. In the Meridian case the facts were fully developed from these facts it appeared that there were a few loose bricks on a sidewalk. That the plaintiff in that case was in a hurry and did not notice. The plaintiff in the Meridian case was shown to be guilty of carelessness and negligence. She said that she was not on her guard. That if she had not been in a hurry she would have been on her guard. If it is the law that the pedestrian must use reasonable and ordinary care, one of the instructions given the jury eliminated from the consideration of the jury the manner in which the plaintiff was using the sidewalk.

Further it did not appear from the evidence that the loose bricks in the sidewalk had been there long enough for the city authorities to know of them. Nor was there any evidence in the case that the loose bricks in the

sidewalk made it unsafe. It was charged and alleged in this declaration that the city carelessly, negligently and knowingly permitted this obstruction to remain and be in the street crossing.

It was averred and alleged that the city is guilty of gross negligence in knowingly permitting the obstruction to remain in the street. It is averred that the plaintiff sustained injury. All of these allegations are admitted by the demurrer. It is admitted that the city was guilty of negligence and yet the court sustained the demurrer and said in the face and teeth of these allegations of fact that the city was not negligent.

Did not the declaration make out such a case as to require the city to plead and show, first, that the alleged obstruction did not render the crossing unsafe for travel, and second, that if the obstruction existed, it had not been there for a sufficient length of time for the city to be chargeable with notice.

We dissent from the argument of the appellee that an obstruction in street crossing in a populous city and in the heart of such city, causing a fall and injury such as that described in this declaration fails to show a want of proper care on the part of the city authorities. This is not such an accident as is likely to occur in the ordinary course of things where proper care has been observed. Either the plaintiff was guilty of inexcusable fault and negligence or the city authorities have been negligent. 1 Thompson on Negligence, section 15.

It is true that the degree of care required of the city authorities is ordinary and reasonable care. But there was a defect in the street crossing and there was an accident and resulting injury. The burden was on the city to rebut the presumption of negligence. *A. & V. Railway Co.* v. *Groome,* 97 Miss. 201.

One of the instructions granted the railroad company, which was assigned as error, was as follows: "The

court instructs the jury for the plaintiff, that the law in this case presumes that plaintiff's injury resulted from the negligent failure of the defendant company to furnish a safe and secure platform at the place where plaintiff was hurt. The burden is upon the defendant to rebut this presumption by evidence that it exercised reasonable care to build and maintain said platform in a safe condition for the use of its employees. If the jury do not believe from the evidence, that defendant exercised reasonable care to maintain said platform in a safe and secure condition then they will find a verdict for the plaintiff.''

This instruction was held to announce the law correctly. We submit that the same decree of care is required of municipal authorities to build and maintain their streets, sidewalks and crossings for the use of the traveling public that is laid upon railroad companies by the above rule of law contained in the above granted instruction, and measured by this law and this rule the demurrer to this declaration should not have been sustained.

We believe that the judgment of the court below should be reversed and vacated and a new trial ordered

*W. B. Mixon,* for appellee.

The gist of the case attempted to be stated in appellant's declaration is quoted on the first page of the brief of her counsel and shows that the brick or stone complained of was a part of the surface of the street as the declaration alleges that it was ''thoroughly embedded in the ground,'' and the complaint is that it was ''protruding some two or three inches above the ground.''

The case of *Meridian* v. *Crook,* 109 Miss. 700, which was reversed and judgment given for the city by this court is decisive of every proposition which could be raised under the allegations of this declaration, and is a much stronger case against the city, in that, the plaintiff in that case was traveling in the dark, while in this case the plaintiff was walking along in the open daylight.

There is no allegation that this was a paved street or in the business portion of the city, or that the plaintiff's attention was diverted from the exercise of the care required in looking out for protrusions or indentations in the surface of the street.

The case cited and the authorities quoted in the opinion seem to answer every argument in appellant's brief and I respectfully quote the following from the opinion of the court as a most sane and sensible view of the law: "To sustain the judgment recovered by appellee in this case would be to announce a new measure of liability on the part of municipalities in the construction and maintenance of sidewalks. It would be equivalent to holding that sidewalks in the residence portion of our cities must not deviate three inches from a perfectly smooth surface, and force the maintenance of sidewalks of cement or some similar construction. The practical result would be to render municipalities insurers of the safety of pedestrians. A municipality is nothing more than a majority of its citizens, and in the administration of its corporate affairs courts must continue to apply the rule of reason. The defect in the sidewalk here complained of is just such a defect as perhaps exists in every municipality in the state, and the fall is one that might, by accident, be experienced by any one in the home or on the streets."

I respectfully submit that the judgment in this case should be affirmed.

Cook, J., delivered the opinion of the court.

The declaration in this case, omitting the formal parts, is in these words, viz.:

"Mrs. M. J. Pomes, a resident citizen of Pike county, Mississippi, plaintiff, sues the city of McComb, a municipal corporation existing under and by virtue of the laws of the State of Mississippi, defendant, and for cause of action would show unto the court the following statements of facts, to wit: That whereas, on, heretofore, to wit, at 4 p. m. on Friday, January 26, 1917, while returning home from down town, and while crossing the regular crossing on Third street going west from D. C. Lenoir's on Louisiana avenue, and while walking along the said crossing, which she assumed to be in a perfectly safe condition, her foot struck a brick or stone which the city had carelessly, negligently, and knowingly permitted to remain in the said pathway, and which was protruding some two or three inches above the ground, and on striking the said obstruction, on account of its size and it being thoroughly imbedded in the ground, threw your plaintiff violently on the ground, and caused her to suffer great mental pain and anguish, and crushed her arm and nose, and dislocated her hip, and severely lacerated arm and other parts of her body, and injured her internally.

"Your plaintiff would show that on account of the said injury so received she remained in bed a number of days, during which time she suffered great pain and anguish, and had to be and was under the care and treatment of skilled physicians, and has since been under the said treatment, and is so informed and charges that she is permanently injured. Plaintiff furthr charges that the said crossing was not only regularly used by pedestrians, but was worked and supposed to have been kept up by the city, and that it was the duty of the city to keep

the said crossing in a reasonably safe condition, and it is guilty of gross negligence in knowing and permitting the said obstruction to remain in the street. Wherefore, by reason of the gross negligence and carelessness of the defendant in knowing and permitting the said obstruction to remain therein before indicated, she hereby sues and demands judgment of the city of McComb in the sum of five thousand dollars and all costs.''

The defendant demurred to the declaration, the demurrer was sustained, and plaintiff appeals to this court.

We have reached the conclusion that this appeal is ruled by the case of *City of Meridian* v. *Crook,* 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482.

There is no merit in the argument that the learned circuit judge should have overruled the demurrer and heard the case as developed by the witnesses. It will be presumed that the plaintiff stated her case in her declaration, and certain it is that she could not make a stronger or different case from the case stated in her declaration.

*Affirmed.*