CITY OF MERIDIAN, MISS. *v.* RALEY.

No. 41389          March 7, 1960          118 So. 2d 342

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellant.

306

*Morse & Morse,* Poplarville, for appellee.

APPELLANT IN REPLY.

McGEHEE, C. J.

On August 23, 1958, the plaintiff, Mrs. B. A. Raley, while walking along the north side of Fifth Street between Sixteenth and Seventeenth Avenues in the City of Meridian, Mississippi, fell and broke her wrist, for which she recovered a judgment for $6,000.

She alleges that her injury was due to the failure of the City to properly maintain the walkway, and that it was negligence on the part of the City in failing so to do. The sidewalk along which the plaintiff was walking extended east and west, and she was walking in an easterly direction. There was a dirt sidewalk from Seventeenth Avenue eastward for a distance of about twenty-five feet to where the concrete sidewalk began. The photograph introduced in evidence showed that there was a strip of grass between where the dirt walk ended and where the concrete sidewalk began, and that this strip of grass connected the two ends of the sidewalk. The plaintiff testified that this grass strip is in a ''Washed out place'' between the end of the dirt sidewalk and the beginning of the concrete sidewalk. She said that there were rocks in what she termed to be a ''hole'' at this place. On one occasion in her testimony she testified that when she went to step up on the concrete sidewalk she thought she caught her foot on the edge of the sidewalk and that this caused her to fall. On another occasion in her testimony, when asked what caused her to fall, she testified that she stepped on a rock in the grass and that this caused her to fall.

If she fell when she undertook to step up on the part of the sidewalk which was concrete, then manifestly she

saw that the dirt walk ended and the concrete walk began there, since it was during the forenoon and consequently during daylight hours. On the other hand, if she was caused to fall by stepping on a rock in the strip of grass, there is no proof whatever in the record as to how long the rock that she stepped on had been in the grass, and it was not shown to have been embedded in the ground.

The plaintiff was fifty-nine years of age, and according to her testimony she had lived "about a block and a half or two blocks" from the place of the accident, and had lived there for a period of sixteen years. She testified that she had never noticed "the washed out place before", and that, "I guess I ought to have been noticing, but I just got tripped up there."

A Mr. Bucklew, a witness for the plaintiff, testified that he lived nearby and that he was familiar with the sidewalk in the area of the place where the plaintiff is alleged to have fallen. He testified that he had been walking along this area for about a year but that he had not noticed the condition at the beginning of the concrete sidewalk until July, August or September 1958.

Both the plaintiff and her witness, Mrs. J. R. Nixon, who lived together in the same house, testified that the "washed out" place at the end of the dirt walk and just before the beginning of the concrete sidewalk was about six inches deep, and that the hole had grass and rocks in it. Mrs. Nixon thought that some dirt had been washed into the depression between the time of the injury in August 1958 and the time of the trial of the case, and that therefore the photograph did not represent the situation that existed at the time of the accident.

It is not contended that any official or employee had any actual knowledge of "the washed out place", or that their attention had been called to the same prior to the accident in question.

Both the appellant and appellees concede that the City owed the duty only of exercising ordinary care to keep

its sidewalks reasonably safe for the use of persons exercising ordinary care and caution for their own safety.

We are of the opinion, after a careful study of this case, that the plaintiff failed to meet the burden of proof required of her under the principles announced in the cases of City of Vicksburg v. Hennessy, 54 Miss. 391; City of Meridian v. Crook, 109 Miss. 700, 69 So. 182; Pomes v. McComb City, 121 Miss. 425, 83 So. 636; City of Greenville v. Laury, 172 Miss. 118, 159 So. 121; Ming v. City of Jackson, 202 Miss. 260, 31 So. 2d 900; and City of Greenville v. Williams, 213 Miss. 564, 57 So. 2d 266.

For instance, in the case of City of Vicksburg v. Hennessy, supra, the Court said, among other things, that "Municipal corporations are not liable for every accident that may happen in their streets. They are not insurers of the safety of those who use them. Their duty is discharged when they have made them reasonably safe for people of ordinary prudence * * *'' In the case of City of Meridian v. Crook, supra, the Court announced the well-settled rule that "It is a principle universally recognized in all the adjudicated cases that municipalities are only required to exercise ordinary care to keep and maintain their streets and sidewalks in a reasonably safe condition for the use of persons exercising ordinary care and caution; or, in other words, sidewalks must be reasonably safe." In the case of City of Greenville v. Laury, supra, the Court held that there was liability "only when the circumstances attending it are such that the actor should have inferred that the doing of the act 'creates an appreciable chance of causing' injury to another." The Court, in the case of Ming v. City of Jackson, supra, referring to decided cases, made the following observation: "They are consistent in holding that in each case the deviation in elevation remained within the bounds of reasonableness. Nor do they exclude the possibility that there may remain residual danger. Exposure of the public to danger is not

negligence if there is no unreasonable risk imposed by the actor, and even so, there is no actionable negligence if the actor has used reasonable care to maintain its sidewalks reasonably safe for use by reasonably careful persons.''

If the plaintiff and her witnesses had not observed that the place in question was not reasonably safe for persons exercising the proper care and caution for their own safety, and who lived in close proximity to the alleged defective sidewalk, we do not think that it could be said that the City was negligent in failing to discover the alleged defective condition. While this part of the sidewalk was in a semi-commercial area, it was nevertheless in an area where it seems that the City had been reasonably justified in maintaining a part of the sidewalk as concrete and the remainder as a dirt walk. Then, too, we think that, according to the plaintiff's own testimony, she was not exercising reasonable care and caution for her own safety at the time of the accident in question.

In view of the foregoing conclusion it is unnecessary that we discuss any of the other assignments of error made by the City on this appeal.

However, while it is not necessary to this decision, we think that in order to put the matter at rest it should be stated that we are unanimously agreed that Chapter 491, Laws of 1950, does not authorize a municipality to require written notice to the City of a defect in a sidewalk prior to an accident as a condition precedent to liability. The City enacted an ordinance containing, among other provisions, the following: ''The City of Meridian shall not be liable and no action shall be maintained against it for any damages or injuries to persons or property resulting from any defective, unsafe, dangerous or unrepaired condition in any public street in The City of Meridian unless written notice of such condition, specifying the particular place, has been previously given to the

City Manager of The City of Meridian and there was a failure or neglect on the part of The City of Meridian, within a reasonable time after the giving of such notice, to remedy, repair or remove such condition. Such written notice must be either delivered to the City Manager in person or forwarded to him by United States Mail, postage prepaid, addressed to him at the City Hall in The City of Meridian.''

We think that the action of the trial court was correct in overruling the demurrer to the declaration on the ground of the alleged duty of the plaintiff to set forth therein a compliance with the foregoing quoted provision.

Reversed and judgment here for the appellant.

All Justices concur, except *Roberds* and *Arrington, JJ.*, who took no part.