CITY OF RULEVILLE, MISSISSIPPI *v.* GRITTMAN

No. 43179 November 9, 1964 168 So. 2d 527

*Clark, Townsend & Davis*, Indianola, for appellant.

*White & Corr*, Batesville; *Lyon & Crosthwait*, Indianola, for appellee.

844

GILLESPIE, J.

This personal injury case involves a fall by a pedestrian when she caught her foot in a heavy wire in the shape of a wicket embedded in the street during sewer installation and remaining after the street was open for public use. We hold the jury was justified in finding the municipality negligent.

The appellant, City of Ruleville, herein called City, let a contract to an independent contractor for the installation of a sewage system in the municipality. In performing the contract a ditch was excavated along the west side of Ruby Avenue near the curb. The contractor failed to complete the contract due to financial difficulties, and City entered into an oral contract with the Magnolia Construction Company to complete the work on a cost-plus basis under the supervision of City's engineer. The ditch along Ruby Avenue was filled in part with broken pieces of concrete, one of which had attached a piece of steel wire reinforcement. When the surface was sealed with pavement, said steel wire remained with the ends embedded in the pavement and extended above the pavement in the form of a wicket six inches wide and four inches high. The wicket was the same color as the paving material. While the work was being done there were barricades to warn vehicular and pedestrian traffic. The barricades had been removed, and the street opened for public use a week or ten days before plaintiff was injured. She had been using this particular route to and from work about four times a day for seventeen years except while the sewage program was in progress. After the street was opened for

public use, she resumed traversing the route from home to her place of work four times a day, traveling the route used by other pedestrians. About four days before plaintiff sustained said injuries she noticed the wicket and intended to notify the authorities when she arrived at work but forgot to do so.

On the occasion of plaintiff's injury she was walking south along the west side of Ruby Avenue and just before she reached the intersection of Harrison Street, she turned toward the southeast corner of the intersection. A short distance from the curb her foot caught in the wicket embedded in the concrete. Plaintiff fell and sustained serious injuries, incurring medical bills in excess of $2,000.

It was shown that plaintiff had sued the contractors who did the work on the streets and that case was settled for the sum of $7,500, with a reservation in the release of all rights plaintiff might have against the City of Ruleville. The jury returned a verdict against City for $2500 and City appealed.

 █ It is contended that the trial court erred in refusing City's requested peremptory instruction under the authority of Rowe v. City of Winona, 159 So. 2d 282 (Miss. 1964) ; City of Biloxi v. Schambach, 157 So. 2d 387 (Miss. 1963) ; and City of Meridian v. Raley, 238 Miss. 304, 118 So. 2d 342 (1960). A municipality is required to exercise ordinary care to maintain streets and sidewalks in a reasonably safe condition for use of persons exercising ordinary care and caution. City of Meridian v. Raley, *supra.*

The above cited cases upon which City relies involved defects in streets and sidewalks resulting from the elements in the course of time. In City of Biloxi v. Schambach, *supra,* two sections of the sidewalk were of unequal height to the extent of several inches. In Rowe v. City of Winona, *supra,* the defect in the sidewalk was a crack wide enough to catch the heel of the pedestrian's shoe.

In City of Meridian v. Raley, *supra,* the defect in the sidewalk was a hole between the end of the dirt sidewalk and the beginning of the concrete sidewalk partly covered by grass.

The results reached in a number of cases indicate that the application of the rule requiring municipalities to maintain its streets and sidewalks in a reasonably safe condition for the use of persons exercising ordinary care and caution is affected by the nature and origin of the defect. In most of the cases involving defects resulting from the elements in the course of time, the Court has been prone to hold for the municipalities as a matter of law. On the other hand, the Court has been prone to hold it is a question for the jury whether the city exercised the requisite care when the defect was created by the city. Cases involving defects created by affirmative acts of municipalities include the following: City of Cleveland v. Threadgill, 246 Miss. 23, 148 So2d 670 (1963), where judgment in favor of the injured pedestrian who stepped on the cover of a defective water drain was affirmed; Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So. 2d 827 (1941), which involved a defect partly caused by a leaking water meter, and the Court reversed the trial court's action granting the peremptory charge in favor of the municipality; and Gould v. Town of Newton, 157 Miss. 111, 126 So. 826 (1930), where the defect involved was a stake in the traveled part of the sidewalk extending only one inch above the ground, and the Court held that the question of the negligence of the municipality was for the jury.

██ █ Whether the defect was created by the municipality is a factor, but not necessarily the controlling one, in determining whether the municipality had notice of the defect, for the municipality creating a defect cannot be heard to say it had no notice thereof. ██ █ On the other hand, City of Meridian v. Raley, *supra,* is authority for the proposition that in a proper case

a municipality is not chargeable with notice of a partly concealed defect caused by time and the elements; ██ and City of Biloxi v. Schambach, *supra,* is authority for the proposition that an injury resulting from a patent defect is not actionable when the pedestrian could have prevented the injury by a very slight degree of care for her own safety.

 ██ In the instant case the defect was not only one resulting from the affirmative act of one for whose actions the City was responsible, but the defect itself was of a particularly dangerous nature and one calculated to cause injury. We are of the opinion that the jury was fully justified in finding that City was negligent.

 ██ The fact that plaintiff had once seen the defect in the street does not prevent her from recovering. The jury could have found that the plaintiff was negligent and applied the comparative negligence formula authorized by the statute. Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So. 2d 827 (1941).

Complaint is made about the granting of several instructions on behalf of the plaintiff. When all the instructions are read together we find no reversible error.

There being no reversible error, the case is affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.