GILLESPIE, Presiding Justice.
Mrs. Ruth Vaughn recovered a judgment against the City of Tupelo in the Circuit Court of Lee County for injuries sustained when she tripped and fell at a crevice or gap in a city sidewalk. The city appeals, contending that it was entitled to a directed verdict and that the trial court erred in submitting the case to a jury.
The facts are undisputed. The plaintiff parked her car and put a coin in the parking meter. She then walked a short distance along a public sidewalk in the City of Tupelo at which time she tripped and fell, severely injuring her knee. She testified that she fell when she stumbled or tripped at a crevice or gap in the concrete pavement. Unimpeached and clear photographs introduced in her behalf show this crevice or gap from several points of view, including that from which she approached it. The plaintiff stated that the photographs “accurately depict the condition of the sidewalk” as it was at the time of her fall. The incident occurred in broad daylight; the walk was level and straight; visibility was good, and plaintiff said that if she had looked she would have seen the gap or break in the pavement and would have stepped over it. In other words, plaintiff freely admitted that the condition was plainly visible if she had looked and that she did not look. The photographs showed the break to be several inches wide, a few inches deep, and extended across the width of the walk. In addition, grass was growing in the break. It is obvious that anyone using the sidewalk and exercising reasonable care for his own safety would have seen the defect and avoided it. The defect in the pavement is of that character which commonly results from the ravages of time and the attrition of long use. From its appearance it had existed for a considerable time, and its appearance was capable of supporting a reasonable inference that the City authorities knew or should have known of its existence. Under facts practically the same as those in the instant case, this Court has held as a matter of law that the city was not liable. City of Greenville v. Laury, 172 Miss. 118, 159 So. 121 (1935).
The rule applicable to municipal corporations in cases of this kind differs *89 from the rule which applies on business property. In City of Greenville v. Laury, supra, the Court based its conclusions upon the rule that a municipality shall be liable only if it fails to exercise ordinary care to maintain its sidewalks in such reasonably safe condition that injury to persons exercising reasonable care for their own safety is foreseeable as a reasonable probability.
In addition to Laury the rule has been applied in several other cases involving similar defects in sidewalks. City of Biloxi v. Schambach, 247 Miss. 644, 157 So.2d 386 (1963); City of Meridian v. Raley, 238 Miss. 304, 118 So.2d 342 (1960); and City of Meridian v. Crook, 109 Miss. 700, 69 So. 182 (1915).
In Schambach the Court reviewed in depth the extent of the duty of a municipality with respect to maintenance of its sidewalks and cited the numerous Mississippi cases in which it has been stated, again applying the well established criteria. In Schambach the Court held as a matter of law that liability on the part of the municipality had not been shown.
It is undisputed that if plaintiff had looked where she was going, she would have seen the defect in the sidewalk, and upon seeing it, reasonable care would require that she step over it. The rule laid down in case after case means that one walking along a city sidewalk must look where he is going and avoid a defect which is obvious. The defect in the present case is obvious for a considerable distance as the photographs clearly show. Under the aforementioned cases we deem it our duty to hold as a matter of law that the City of Tupelo is not liable to plaintiff. The peremptory instruction requested by the city should have been given. The judgment of the trial court is accordingly reversed, and judgment entered here for the defendant, City of Tupelo.
Reversed and judgment here for the appellant.
All Justices concur.