595 So.2d 1279 (1991)
Johnnie Bell BURTON
v.
The CITY OF PHILADELPHIA, Mississippi.
No. 90-CA-0285.
Supreme Court of Mississippi.
September 4, 1991.
Dissenting Opinion September 25, 1991.
As Modified on Denial of Rehearing April 29, 1992.
Laurel G. Weir, Thomas L. Booker, Jr., Weir & Booker, Philadelphia, for appellant.
Thomas R. Jones, Bourdeaux & Jones, Meridian, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
Dissenting Opinion of Justice McRae September 25, 1991.
ROY NOBLE LEE, Chief Justice, for the Court:
Johnnie Bell Burton appeals from an order of the Circuit Court of Neshoba County, Mississippi, Honorable Edward A. Williamson, presiding, which granted the motion of the City of Philadelphia, Mississippi, for summary judgment. She presents four (4) issues for decision by this Court:
I. DID THE LOWER COURT ERR IN GRANTING SUMMARY JUDGMENT?
II. WAS THE DECISION OF THE LOWER COURT CONTRARY TO THE OVERWHELMING WEIGHT OF THE LAW AND FACTS?
III. DID THE LOWER COURT ERR IN COMPLETELY BARRING BURTON'S CLAIM SIMPLY BECAUSE SHE WAS CONTRIBUTORILY NEGLIGENT?
IV. DID THE LOWER COURT FAIL TO APPLY THE CORRECT LEGAL STANDARDS?

FACTS
On September 17, 1987, Johnnie Bell Burton, appellant, fell and injured her back while walking on a sidewalk of the City of Philadelphia. The accident occurred on a sidewalk joining Beacon Street, which runs east and west through the City of Philadelphia and along the court square. The sidewalk was located on the north side of Beacon Street.
Burton was deposed and also filed an affidavit in opposition to the motion for summary judgment. In her deposition, she stated:
Q: Do you know how long the hole had been there?
A: Eight months to a year.
Q: If that's true, then you yourself had walked past it on other occasions?
A: Yes.
Q: Ma'am?
A: Yes, sir. I wasn't hunting holes in the sidewalk so I hadn't paid it any attention.
Q: I think you've said that wasn't on your mind.
A: No.
*1280 Burton had left work, parked her car along the street, walked up the street, past the place where she later fell, did some shopping and returned to her car. On her return, she fell and injured her back. Burton had used the walk many times before and was familiar with the walk and the area. She stated that the hole, or crack, which caused her to fall, was approximately five (5) inches long and two and a half (2 1/2) to three (3) inches in depth and was near a water meter. She further stated that the defect in the sidewalk had been there in excess of eight (8) months.

DISCUSSION

I., II., III., AND IV.
The issues presented may be discussed under the general issue of whether or not the lower court erred in granting summary judgment.
The appellee relies upon the deposition and affidavits of appellant and her husband, except legal conclusions, and the affidavit for the appellee that there is no genuine issue of material fact in the case. The lower court agreed and granted summary judgment for the appellee on February 22, 1990.
In City of Ruleville v. Grittman, 250 Miss. 842, 168 So.2d 527 (1964), this Court held:
A municipality is required to exercise ordinary care to maintain streets and sidewalks in a reasonably safe condition for use of persons exercising ordinary care and caution. City of Meridian v. Raley, [238 Miss. 304, 118 So.2d 342 (1960)].
Grittman, 250 Miss. at 845, 168 So.2d at 529. See also City of Greenville v. Laury, 172 Miss. 118, 159 So. 121 (1935).
This Court has distinguished the cases on liability for injuries resulting from defects in sidewalks  those caused or contributed by construction; repairs or causes by human or corporate means; and, those that are the result of natural causes such as roots under walks causing them to buckle; grass growing over walks; attrition by nature; etc. See Grittman, 250 Miss. at 845-47, 168 So.2d at 529-30. City of Biloxi v. Schambach, 247 Miss. 644, 157 So.2d 386 (1963) (judgment in favor of pedestrian who tripped because two sections of the sidewalk were of unequal height to the extent of several inches was reversed); Rowe v. City of Winona, 248 Miss. 411, 159 So.2d 282 (1964) (directed verdict in favor of city where the defect in the sidewalk was a crack wide enough to catch the heel of a pedestrian's shoe was affirmed); City of Meridian v. Raley, 238 Miss. 304, 118 So.2d 342 (1960) (judgment in favor of pedestrian who tripped by stepping in a hole between the end of a dirt sidewalk and the beginning of a concrete sidewalk partly covered by grass was reversed); City of Cleveland v. Threadgill, 246 Miss. 23, 148 So.2d 670 (1963) (judgment in favor of the injured pedestrian who stepped on the cover of a defective water drain was affirmed); Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.2d 827 (1941) (peremptory charge in favor of city where a pedestrian was injured due to a leaking water meter was reversed); Gould v. Town of Newton, 157 Miss. 111, 126 So. 826 (1930) (directed verdict in favor of city where pedestrian was injured by tripping on a stake protruding one inch above the ground was reversed).
In City of Tupelo v. Vaughn, 246 So.2d 88 (Miss. 1971), this Court reversed a judgment in favor of a pedestrian where the crevice was "several inches wide, a few inches deep, and extended across the width of the walk." Id. at 88.
It is undisputed that if plaintiff had looked where she was going, she would have seen the defect in the sidewalk, and upon seeing it, reasonable care would require that she step over it. The rule laid down in case after case means that one walking along a city sidewalk must look where he is going and avoid a defect which is obvious.

Vaughn at 89 (emphasis added).
However, our comparative negligence law in this state applies and, unless the plaintiff's negligence is the sole proximate cause of the injury, the plaintiff is entitled to recover. In responding to the motion *1281 for summary judgment, plaintiff was required to show evidence of circumstances from which it could reasonably be concluded that the city had notice of the defect. There was no evidence that the city caused the defect, nor was there evidence proffered to show that the city had notice of the condition causing the accident and, after notice, failed to take reasonable steps to cure the condition. Without such evidence, there is no evidence of negligence on the part of the city.
We are of the opinion that there was no genuine issue of fact in this case and that the lower court did not err in granting the motion for summary judgment. Likewise, there was no showing of negligence which would activate the comparative negligence doctrine since the record reflects that appellant's negligence was the sole approximate cause of the accident.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents, with written opinion to follow.
McRAE, Justice, dissenting:
I dissent from the majority because it misses the point concerning whether this is a triable issue. Again we are confronted with a summary judgment issue pursuant to Miss.R.Civ.P. 56, wherein the lower court erred in not allowing the matter to go to a jury. This Court's myriad rulings not only in sidewalk cases, but in street cases, which are the same (one moves cars and one moves pedestrians), have established that the City had a duty to maintain its sidewalks in a reasonable fashion. In this case, not only did it have a reasonable duty, it had an employee whose job was to check the meter. This person would have regularly faced the same hazard in the sidewalk and yet, never reported it. We have often admonished trial judges that where there is a single issue of fact which is to be tried before a jury, the motion for summary judgment should be denied and the jury be allowed to determine it. In the case sub judice, there were at least three triable issues of fact. However, the majority, like the lower court judge, played jury in its decision.
In 1910, Mississippi was the first state to adopt the doctrine of comparative negligence, yet we often fail to remember that any percentage finding of negligence against the defendant can result in a verdict for the plaintiff. By the same token, any time the plaintiff is negligent, the verdict can be reduced for and on behalf of the defendant. This case, therefore, should be reversed and put before the jury where it properly belongs.
The majority correctly states that it is a well-established principle "that a municipality is required to exercise ordinary care to maintain streets and sidewalks in a reasonably safe condition for use of persons exercising ordinary care and caution." City of Meridian v. Raley, 238 Miss. 304, 118 So.2d 342 (1960). This Court has indeed repeatedly affirmed verdicts in favor of the city and reversed those in the plaintiff's favor in those cases where pedestrians have suffered injuries from defects in sidewalks resulting from natural causes. These cases, however, are distinguishable from the case sub judice. This is an appeal from a grant of summary judgment, wherein neither the question of the City's negligence nor that of the plaintiff was put before a jury.
Had Mrs. Burton fallen on a smooth, unblemished stretch of sidewalk, I would have no quarrel with the majority's position. However, the record indicates that she fell in a large crack that had grown even larger since she first noticed it eight months earlier. That she was aware of the defect does not preclude recovery. City of Ruleville v. Grittman, 250 Miss. 842, 168 So.2d 527 (1964). Moreover, that the hazard was "open and obvious" does not, as a matter of law, either render her negligent or exonerate the City. As this Court stated in Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss. 1985):
First, conditions are not either open and obvious or not open and obvious. Common sense and experience negates *1282 an either/or categorization of such conditions. Just how open and obvious a condition may have been is a question for the jury in all except the clearest cases.
Moreover, as the majority noted in Bell, "[i]n prior cases involving hazards that were extremely `open and obvious,' this Court has not barred injured parties from recovery, but rather has left the issue to the jury properly instructed regarding comparative negligence." Id. Where there is clearly negligence by both parties, responsibility for the injury in question is a matter for a jury properly instructed on comparative negligence, pursuant to Miss. Code Ann. § 11-7-15 (1942), to determine. King v. Dudley, 286 So.2d 814, 816-17 (Miss. 1973).
Finally, the lower court, in granting the City's motion for summary judgment, stated that "[t]here must be some action or inaction on the part of the City stated with sufficient clarity to form notice to the City of the act or failure to act... ." The plaintiff must show that the City had actual or constructive notice of a hazardous condition. City of Jackson v. Locklar, 431 So.2d 475, 489 (Miss. 1983).
In Greenville v. Middleton, 124 Miss. 310, 317, 86 So. 804, 805 (1921), this Court enumerated factors to be considered in determining whether a city had constructive notice, including: "the length of time the defect has existed, the nature or character thereof, the publicity of the place where it exists, the amount of travel over the street, and any other factors or circumstances in evidence which tend to show notoriety, ... ."
The defect in the sidewalk was located near a water meter and, as Mrs. Burton contends, the City surely must have had at least constructive notice of the condition since the meter was checked periodically by City employees. As the Locklar Court, citing City of Greenville, stated: "In the final analysis, the jury is charged with determining whether `by the exercise of ordinary and reasonable care and diligence, the defect should have been discovered by the corporate authorities.'" 431 So.2d at 480.
Determinations of whether the crack in the sidewalk was "open and obvious" and whether the City should have had constructive notice of the defect, as well as the question of comparative negligence, were all issues of fact properly for a jury to decide.
The majority cites language from City of Tupelo v. Vaughn, 246 So.2d 88 (Miss. 1971), saying "[i]t is undisputed that if plaintiff had looked where she was going, she would have seen the defect in the sidewalk, ... ." However, it is undisputed that if the City employee in the case sub judice had seen the defect he would have, and should have, reported it over eight months prior to the incident. Further, if the City had a system requiring its employees to report defects in the road when they see them, then the plaintiff would have not had to look in the first place. This situation is no different from a store trying to lure the eyes of a customer from the floor to beautiful displays of fresh fruits and vegetables on the counter, then, when the customer falls on the banana peel, say with "tongue in cheek," you should have seen it  open and obvious.
I respectfully dissent from the majority's opinion that the lower court did not err in granting the motion for summary judgment. I would find that this matter has triable issues in it and allow it to go to a jury for determination.