943 So.2d 751 (2006)
Norma HOWARD, Appellant
v.
CITY OF BILOXI, Appellee.
No. 2005-CA-00829-COA.
Court of Appeals of Mississippi.
November 28, 2006.
*753 Victor Boyd Pringle, Biloxi, Carey R. Varnado, Hattiesburg, Timothy P. Kottemann, Biloxi, attorneys for appellant.
Ronald G. Peresich, Gina Bardwell Tompkins, Biloxi, attorneys for appellee.
Before MYERS, P.J., GRIFFIS, and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Ms. Norma Howard appeals from an order of the Circuit Court of Harrison County, Mississippi, Honorable Jerry O. Terry, Sr. presiding, which granted the motion of the City of Biloxi, Mississippi, for summary judgment. This case involves a determination as to whether Ms. Howard has provided any evidence which would create a genuine issue of material fact that would allow her to recover for her injuries sustained on City of Biloxi property, notwithstanding the immunity provided to the City under the Mississippi Tort Claims Act section 11-46-1 (Rev.2004).

STATEMENT OF FACTS
¶ 2. On March 27, 2003, Howard tripped and fell over a crack in the sidewalk, which has been described by the parties and the lower court as a ½" to 1½" unevenness, leading to the Lameuse Street entrance of the downtown Biloxi library. The library building and the realty on which the library sits are owned by the City of Biloxi and operated by the Harrison County Library System.
¶ 3. Howard filed her complaint against the City of Biloxi, alleging that the City negligently maintained the premises of the library by: (1) placing and/or allowing the uneven concrete which was not in compliance with relevant safety standards; (2) failing to inspect the premises for dangerous conditions, such as the presence of the uneven sidewalk; and (3) failing to warn the Howard of the uneven concrete. Howard alleged that the City had both actual and constructive knowledge of the uneven concrete, but failed to fix the concrete. Further alleged was that the City of Biloxi was on "notice" of the uneven concrete by employees of the library. Following the discovery period, the City of Biloxi moved for summary judgment and Howard timely responded. The trial court granted the City's motion for summary judgment, holding that Howard failed to show evidence that the City acted outside of its immunity provided by the Mississippi Tort Claims Act.

STANDARD OF REVIEW
¶ 4. In order to reverse the trial judge's grant of a motion for summary *754 judgment, this Court conducts a de novo review and "examines all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc." City of Jackson v. Sutton, 797 So.2d 977, 979(¶ 7) (Miss.2001). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. "If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor." Monsanto Co. v. Hall, 912 So.2d 134, 136(¶ 5) (Miss.2005). While Howard cites multiple issues in her appeal, these issues are combined and discussed under the general issue of whether the trial court erred in granting the City's motion for summary judgment.

DISCUSSION
¶ 5. The Mississippi Tort Claims Act provides the exclusive civil tort remedy against a governmental entity, and as such, dictates the elements a plaintiff must satisfy to recover against the City of Biloxi. The Act, as it relates to the present case, provides immunity to the City in pertinent part:
Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
Miss.Code Ann. § 11-46-9(1)(v) (Rev. 2004). In order for Howard to get beyond the statutory immunity provided by the Act, Howard had to show that:
(1) an injury was suffered;
(2) the injury was caused by a dangerous condition on the property of the Library caused by the negligent or other wrongful conduct of a City employee;
(3) the City had either actual or constructive notice of the defect;
(4) the City had an adequate opportunity to protect or warn of this defect; and
(5) the condition was not open and obvious to one exercising due care.
¶ 6. It is conceded by the parties that Howard fell and suffered an injury. However, in order to recover for this injury, Howard would have to show that she suffered an injury due to a dangerous condition existing because of negligence or other wrongful conduct of a City employee. Except in a case where a defect occurred because of negligence or wrongful conduct, "[s]uch a defect [is] not in itself sufficient proof to render the city liable for the failure to maintain its sidewalks in a reasonably safe condition for the use of persons exercising ordinary care and caution." City of Biloxi v. Schambach, 247 Miss. 644, 654, 157 So.2d 386, 390 (1963).
¶ 7. Admittedly, a municipality has a non-delegable duty to exercise ordinary care to keep and maintain its sidewalks and other public ways in a reasonably safe condition for the use of persons exercising ordinary care and caution. City of Tupelo v. Vaughn, 246 So.2d 88, 89 (Miss.1971); Schambach, 247 Miss. at 655, 157 So.2d at 391. In the case at bar, Howard argues that the City delegated the responsibility of maintaining the sidewalks of the library to the head librarian and urges this Court to find that the librarian was negligent in failing to maintain the *755 sidewalks surrounding the library. However, a "municipality cannot be expected to maintain its sidewalks and street crossings in a perfectly level condition, and where the defect consists of some slight variation between the elevation of adjoining paving blocks, flagstones, or curbstones, or irregularity in the junction of the sidewalk and curb, no liability is imposed." Schambach, 247 Miss. at 655, 157 So.2d at 391.
¶ 8. We follow the lead of the Schambach court that dealt with a sidewalk located in the City of Biloxi and take judicial notice that "it is almost, if not quite, impossible for municipalities to prevent crevices in the streets and sidewalks as the one involved, which as a rule are the result of expansion and contraction from heat and cold." Id. at 392 (also discussing the trial testimony and exhibits showing that the "sandy soil of the Gulf Coast on which [the] sidewalk was laid [ ] contracts and expands and sinks causing the sidewalk to be uneven and wavy"). Municipalities, such as the City of Biloxi, cannot be charged with the duty to maintain sidewalks in "an absolutely perfect condition so as to render an accident impossible." Id. at 391. Pedestrians are charged with their own responsibility to exercise ordinary care to avoid naturally caused sidewalk defects. Id.
¶ 9. Although Howard argues that the City of Biloxi was negligent because it failed to inspect the sidewalk, formal inspection programs are not necessarily required to find that a municipality has upheld its duty to maintain its sidewalks. Bond v. City of Long Beach, 908 So.2d 879, 882(¶ 8) (Miss.Ct.App.2005). While this Court has recognized that the implementation of an inspection program is "certainly prudent," we also have stated that "[n]o municipality is laden with the burden of making its sidewalks perfectly level or in a condition which eliminates the possibility of an accident." Id.
¶ 10. Howard was "required to show evidence of circumstances from which it could reasonably be concluded that the city had notice of the defect." Burton v. Philadelphia, 595 So.2d 1279, 1281 (Miss.1991). Howard argues that the City of Biloxi had both actual and constructive notice of the dangerous condition; however, she presents no supporting evidence to attest to this fact. Instead, in support of her argument that the City had actual or constructive notice of the defect in the sidewalk leading to the Lameuse Street entrance of the library, Howard attaches two affidavits of bystanders who either witnessed her fall or noticed her lying on the ground shortly thereafter.
¶ 11. Howard also points out that on two previous occasions the sidewalk was in need of repair and that the repairs were made. Howard reasons that these occasions provided the City with notice that the sidewalks were in disrepair at the time of her fall. Our review of the record reveals that the two previous occasions cited by Howard were in reference to another sidewalk located outside the library. Howard's injury occurred at the Lameuse Street entrance to the library and the two previous repairs were made to the sidewalk leading to the Jackson Street entrance. When questioned on this point at oral argument, counsel for Howard described this fact as a "distinction without a difference." However, we do not agree.
¶ 12. Additionally, in support of her argument, Howard refers this Court to the deposition testimony of the head librarian regarding the relocation of certain public events due to the overgrown oak trees. Howard reasons that the event relocation, due to the oak trees, constitutes notice that the oak trees were causing dangerous defects to the pavement. However, a closer *756 study of the deposition transcript reveals that the event was moved due to the overhanging limbs of the oak trees. We find Howard's argument concerning the overhanging limbs unavailing and insufficient to show that the City was on notice of a defect in the sidewalk.
¶ 13. The City of Biloxi provided affidavits from city personnel and from the head librarian, both of whom are responsible for maintaining reports of incidences occurring on the municipal property at issue. The affidavits attested to the fact that the City of Biloxi had received no notice of the condition of the sidewalk that Ms. Howard tripped and fell over. Even when reviewing the evidence in the light most favorable to Ms. Howard, we still cannot find that there exists a genuine question of material fact as to whether the City of Biloxi had actual or constructive notice of a defect in the Lameuse Street entrance sidewalk. Because we cannot find that any evidence was presented to show the City's actual or constructive notice of the defect in the sidewalk, it is illogical to charge the City with the duty to protect or warn of the defect.
¶ 14. Lastly, Howard was required to show that the defect in the sidewalk was not open and obvious in order to withstand the immunity provided to the City under the Mississippi Tort Claims Act. The Act provides that a municipality "shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care." Miss.Code Ann. § 11-46-9(1)(v). Howard argues that the fact that no one reported the unevenness in the sidewalk joints is evidence, in and of itself, that the condition was not open and obvious. Howard further argues that even if the defect in the sidewalk had been open and obvious, that this condition would only mitigate damages based on comparative negligence and not operate as a complete bar to recovery.
¶ 15. From our review of the photographs presented by Howard, the disparity in elevations of the adjoining sections of concrete was a condition that was open and obvious to one exercising due care. The supreme court dealt with an issue similar to the issue presented here in Vaughn, 246 So.2d 88. In Vaughn, the court reviewed the photographs depicting a defect in a sidewalk which occurred as a result of time and attrition due to long use. Id. Upon review of the photographs, the court found on their own initiative that the defect was obvious for a considerable distance. Id. at 89. Based on this finding, the court held as a matter of law that the City of Tupelo was not liable to the plaintiff. So, too, does this Court hold that photographs provided by Howard clearly depict an open and obvious defect.
¶ 16. The doctrine of comparative negligence prevails in Mississippi. With the adoption of that doctrine came the supreme court ruling of Tharp v. Bunge Corp., 641 So.2d 20, 24 (Miss.1994), abolishing the "open and obvious" defense which acts as a complete bar on recovery in negligence actions. However, actions brought against an entity invoking the protection of the Mississippi Tort Claims Act differ from the general negligence action. Suits brought against municipalities for injuries caused by a dangerous condition on its property require a showing of the entity's failure to warn. Miss.Code Ann. § 11-46-9(1)(v). We have already found that in this case there was no duty to warn of the condition of the sidewalk as cities have no legal mandate to inspect and repair raised sidewalks. See supra. The open and obvious defense is an absolute bar to recovery in a case brought under the Tort Claims Act for the failure to warn of a dangerous condition. City of Natchez *757 v. Jackson, No.2005-CA-00043-COA (¶ 33), 941 So.2d 865, 2006 WL 2672188 (Miss.Ct.App. Sept. 19, 2006) (citing City of Jackson v. Internal Engine Parts Group, Inc., 903 So.2d 60, 64(¶ 11) (Miss. 2005)). Because this court finds that the condition of the sidewalk was open and obvious, and because there existed no duty for the City of Biloxi to warn of the condition, this finding operates as an absolute bar to recovery under the Act.

CONCLUSION
¶ 17. Having reviewed the trial court's grant of the City of Biloxi's motion for summary judgment de novo, we find that the grant was warranted. In order to overcome the statutory immunity granted to the City of Biloxi under the Mississippi Tort Claims Act, Howard had the burden to show that a duty was breached by an employee of the City. However, Howard failed to provide any evidence that would create a genuine issue of material fact. Therefore, we find that the trial court did not err in granting the motion for summary judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.