CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Gail and Darris Varnado (collectively, the Varnados) purchased a home in Gulfport, Mississippi from Thomas Brown. Shortly after their purchase, the Varnados discovered extensive termite damage in the home. The Varnados sued Alfonso Realty, Inc. (Alfonso Realty) along with other defendants for damages. In response, Alfonso Realty filed a motion for summary judgment, which the circuit court granted. On appeal, the Varnados claim that Alfonso Realty breached its fiduciary obligations to them when it knew or should have known that Brown suffered from a “memory problem” which would, in turn, cause Brown to provide an unreliable statement as to prior termite damage to his home. Therefore, the Varnados argue that the circuit court erred in granting Alfonso Realty’s motion for summary judgment. We find no error and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. The Varnados purchased a home from Brown, now deceased. Alfonso Realty agents, Brenda McFall, Diane Albrecht, and Patti Schankin, acted as dual agents for the parties in the sale and purchase of the home. McFall and Albrecht worked together on behalf of Brown, and Schankin worked on behalf of the Varnados.
 

 ¶ 3. Mississippi Code Annotated section 89-1-501 (Supp.2008) requires that homeowners selling their property submit a disclosure statement prior to the sale regarding the condition of the property. In the case at bar, Brown submitted two disclosure statements-the first one with the listing agency, Champions Real Estate, and the second one with Alfonso Realty. When Brown executed the second listing agreement with Alfonso Realty, the first
 
 *748
 
 listing agreement with Champions Real Estate terminated.
 

 ¶ 4. In Brown’s first disclosure statement provided to Champions Real Estate dated September 21,1999, Brown admitted that his home had been treated for termite damage. In contrast, in Brown’s later disclosure statement provided to Alfonso Realty dated July 13, 2000, Brown denied that his home had been treated for prior termite damage.
 

 ¶5. On August 9, 2000, the Varnados performed an initial walk-through of Brown’s home. Gail Varnado (Gail) testified that when she first looked at Brown’s home she noticed “drill holes” in some brickwork, and she asked Brown whether “he [ever] had the house treated for termites.” Gail testified that Brown answered, “No.” Gail stated that Brown told her the drill holes were “weepholes.”
 
 [1]
 
 Gail failed to report these drill holes to Alfonso Realty.
 

 ¶ 6. After Gail inspected Brown’s property, she reviewed Brown’s second disclosure statement with Brown. She testified that Brown again told her that his home had never been treated for termites. Gail testified that she “was satisfied with [her] initial inspection, [her] walk-through.” Additionally, Gail stated that when she met Brown, she “did not feel [like] he had a memory problem.”
 

 ¶ 7. The Varnados’ purchase of Brown’s home was contingent upon a building inspection performed by Michael Jenner and a termite inspection performed by Terminator Pest Control. On August 14, 2000, Jenner inspected the property, and on August 22, 2000, Terminator Pest Control performed a termite inspection. Neither the general inspection report nor the termite inspection report noted serious problems or defects in the property.
 

 ¶ 8. Additionally, we note that Gail failed to report any of the drill holes she had noticed in Brown’s home to either Jenner, Terminator Pest Control, or Alfonso Realty. Moreover, real estate agents McFall, Albrecht, and Schankin all testified that they did not know about Brown’s first disclosure statement provided by Champions Real Estate until after the Varnados purchased Brown’s home and reported to Alfonso Realty the damages at issue.
 

 ¶ 9. The Varnados contend that when they showed the termite damage to Brown’s home to the Alfonso Realty agents after the sale, McFall told them that Brown “had a memory problem.” However, McFall denies stating that Brown “had a memory problem.” On this point, McFall testified as follows: “I don’t recall saying [Brown] had a memory problem, at all.... What I did say — and I do remember — was that he had lost his wife and daughter within a six-month period, and if I had been in the same situation, I wouldn’t know if I would remember everything.” Additionally, Albrecht and Schan-kin denied stating or knowing that Brown suffered from a “memory problem.” Brown’s son also denied that his father suffered from a memory problem. We note that the Varnados never provided the circuit court with any medical evidence supporting their contention that Brown suffered from a memory problem.
 

 ¶ 10. The Varnados named several defendants in their complaint and amended complaint: Terminator Pest Control; Jenner; Vic Porter, an appraiser, who performed Brown’s appraisal without reporting any damage; Brown himself, who provided the false disclosure statement to the Varnados; and Alfonso Realty. All of the above defendants, except for Alfonso Realty, reached a settlement agreement
 
 *749
 
 with the Varnados. Alfonso Realty filed a motion for summary judgment which the circuit court granted.
 

 STANDARD OF REVIEW
 

 ¶ 11. For a summary judgment motion to be properly granted, the court must determine that no genuine issue of material fact exists and that the moving party must be entitled to judgment as a matter of law. M.R.C.P. 56(c). “The moving party has the burden of demonstrating that no genuine issue of material fact[] exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.”
 
 Howard v. City of Biloxi,
 
 943 So.2d 751, 754(¶ 4) (Miss.Ct.App.2006). “Numerous, immaterial facts may be controverted, but only those that ‘affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.’”
 
 Summers v. St. Andrew’s Episcopal Sch.,
 
 759 So.2d 1203, 1208(¶ 12) (Miss.2000) (quoting
 
 Sherrod v. U.S. Fid. & Guar. Co.,
 
 518 So.2d 640, 642 (Miss.1987)). We review de novo a circuit court’s grant of summary judgment.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(¶ 15) (Miss.2006).
 

 WHETHER THE CIRCUIT COURT PROPERLY GRANTED ALFONSO’S MOTION FOR SUMMARY JUDGMENT
 

 ¶ 12. Mississippi Rule of Civil Procedure 56(b) provides that a defendant may move for summary judgment at any time. In turn, Mississippi Rule of Civil Procedure 56(c) provides in part, the following:
 

 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 

 The rule does not provide for evidence that might be introduced or developed at trial.
 
 Commercial Bank v. Hearn,
 
 923 So.2d 202, 210(¶ 24) (Miss.2006).
 

 ¶ 13. From the facts in the record, the circuit court found that beyond the Varna-dos’ allegation that McFall stated that Brown suffered from a “memory problem,” the Varnados did not produce any evidence showing that Brown suffered from a memory problem, that Alfonso Realty knew or should have known that Brown suffered from a memory problem, or that Alfonso Realty knew or should have known that Brown’s home had been treated for prior termite damage.
 

 ¶ 14. The Varnados argue on appeal that the circuit court erred when it granted Alfonso Realty’s motion for summary judgment because Alfonso Realty breached its fiduciary duty to them when Alfonso Realty knew or should have known that Brown suffered from a memory problem. The Varnados allege that Brown’s memory problem caused him to provide an unreliable disclosure statement as to the previous termite damage to his home.
 

 ¶ 15. In turn, Alfonso Realty contends that the Varnados failed to present any evidence that: (1) Brown suffered from a memory problem; (2) Alfonso Realty knew or should have known about Brown’s memory problem; and (3) Alfonso Realty knew or should have known that Brown would not be capable of accurately filling out his disclosure statement due to his alleged memory problem.
 

 ¶ 16. In determining whether the circuit court properly granted Alfonso Realty’s motion for summary judgment, we must first analyze Alfonso Realty’s fiduciary duty as a real estate agent for the Varnados. We have outlined the following
 
 *750
 
 standard of care required of real estate agents as follows:
 

 The standard of care of an agent has been described as “a duty to use the degree of diligence and care which a reasonably prudent person would ordinarily exercise in the transaction of his own business.... ” More specifically, “a business agent represents that he understands the usages of the business in which he is employed. One undertaking a matter involving special knowledge ordinarily thereby represents that he has the special knowledge required, and undertakes that, so far as it is necessary to keep in touch with events, he will do so.”
 

 Cavagnaro v. Coldwell Banker Alfonso Realty, Inc.,
 
 995 So.2d 754, 758(¶ 12) (Miss.Ct.App.2008) (quoting Lee
 
 Hawkins Realty, Inc. v. Moss,
 
 724 So.2d 1116, 1120-21 (¶ 25) (Miss.Ct.App.1998)). Additionally, we have stated that in the situation of a dual agency, “a dual agent ... must proceed with a heightened [sense] of duty and conduct to assure that he serves both masters’ interests fully.”
 
 Lane v. Oustalet,
 
 873 So.2d 92, 97(¶ 20) (Miss.2004).
 

 ¶ 17. Therefore, in this case, Alfonso Realty possessed a duty “to use the degree of diligence and care which a reasonably prudent person would ordinarily exercise in the transaction of his own business.”
 
 Cavagnaro,
 
 995 So.2d at 758(¶ 12). Additionally, as a dual agent, Alfonso Realty possessed “a heightened [sense] of duty and conduct to assure” that Alfonso Realty served both Brown and the Varnados fully.
 
 Lane,
 
 873 So.2d at 97(¶ 20).
 

 ¶ 18. Additionally, we have also stated that an “agent can never act ... to the detriment of the principal.”
 
 Moss,
 
 724 So.2d at 1119(¶ 12) (quoting
 
 Century 21 Deep South Properties, Ltd. v. Corson,
 
 612 So.2d 359, 368 (Miss.1992)). In evaluating when an agent’s duty to investigate arises in a case involving the misrepresentation of a warranty, the
 
 Moss
 
 court stated that if an agent knew that “there was no ... warranty but assisted in the misrepresentations, then [he or] she is liable in tort.”
 
 Id.
 
 at (¶ 11). “On the other hand, since [the agent’s] duty is to her principal, she would not have been required to investigate to determine whether the warranty existed unless her principal so requested.”
 
 Id.
 
 “She could rely upon what her principal told her.”
 
 Id.
 
 In other words, the
 
 Moss
 
 court articulated that an agent could rely on what her principal told her unless the agent was on notice or possessed actual knowledge of a problem.
 

 ¶ 19. Our inquiry, thus, in determining whether the circuit court properly granted summary judgment in favor of Alfonso Realty, turns on whether the Alfonso Realty agents involved in the sale at issue could reasonably rely on what Brown provided them in his later disclosure statement. Essentially, the Varnados bore the burden of proving that a reasonable, prudent real estate agent under similar circumstances would have possessed either notice or knowledge of a problem as to the reliability of Brown’s second disclosure statement, which would trigger a duty to investigate.
 
 Moss,
 
 724 So.2d at 1120-21(¶ 25). Again, we note that Alfonso Realty, as dual agents in the transaction at issue, also possessed a heightened sense of duty in this case.
 
 Cavagnaro,
 
 995 So.2d at 758(¶ 12).
 

 ¶ 20. In light of our governing case law, we turn again to the facts of this case to determine whether Alfonso Realty had a duty to investigate Brown’s second disclosure statement. First, all three Alfonso Realty agents involved in the sale of Brown’s home testified that they knew nothing about Brown’s first disclosure statement with Champions Real Estate, wherein Brown admitted to prior termite
 
 *751
 
 damage. Second, prior to the sale of Brown’s home, Brown supplied Alfonso Realty with a new, distinct disclosure statement, wherein he denied any prior termite damage to his home. Third, Alfonso Realty knew that Brown’s home was inspected by both a general building inspector as well as a termite inspector and that neither inspection revealed any serious problems or defects with Brown’s home.
 

 ¶ 21. Fourth, all three Alfonso Realty agents involved in the sale of Brown’s home testified that they did not personally know Brown, nor did they possess any reason to suspect that Brown could not correctly fill out the paperwork necessary to sell his home because of an alleged memory problem. Fifth, Gail testified that she asked Brown on at least two occasions about the drill holes she observed in his home and whether his home had ever been treated for termite damage. Gail stated that Brown told her that his home had never sustained any termite damage. Gail never reported the drill holes to Alfonso Realty. Finally, Gail testified that when she met Brown she did not believe Brown suffered from a memory problem.
 

 ¶ 22. In sum, we affirm the circuit court’s finding that no genuine issue of material fact existed as to whether Alfonso Realty possessed prior knowledge of any problems with Brown’s memory or Brown’s home which would trigger a duty to investigate the credibility of Brown’s disclosure statement with Alfonso Realty.
 
 See
 
 Moss, 724 So.2d at 1119(¶ 12). For the above reasons, we affirm the circuit court’s grant of summary judgment in favor of Alfonso Realty.
 

 ¶ 23. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . We find no definition in the record of a "weephole.”