176 So. 834

### BARNETT v. STATE.

#### 8 Div. 580.

Court of Appeals of Alabama.

Nov. 2, 1937.

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment, upon which this appellant was tried and convicted, was returned by the grand jury at a special term of the circuit court, regularly called and organized in the month of August, 1936.

At the subsequent October term, this cause was tried and determined. Before entering upon the trial the defendant challenged the indictment (1) by motion to quash, (2) by plea in abatement; said motion and plea being predicated upon the grounds that the grand jury which found the indictment was not drawn in the presence of the officers designated by law.

As to the motion to quash it need only be said that such motion will not lie and an indictment cannot properly be challenged in this manner. Section 8630 of the Code 1923, is conclusive as to this proposition.

As stated, hereinabove, the indictment here was returned by a grand jury at a special term of the circuit court. Un-

der sections 5202 and 8630 of the Code 1923, no objections can be taken to the formation of a special grand jury summoned by the direction of the court. These two sections are also conclusive of the question raised by appellant in relation to action of the court upon his plea in abatement. Each of the court's rulings in connection with attack upon the indictment was without error, and are sustained.

On the trial of this case the evidence, without conflict, tended to show that the searching officers found large quantities of beer in his possession at his place of business and in his presence. No question of venue is presented. The several rulings of the court, and the points of decision involved in this case, appear to be identical with insistences of error in the case of Parker v. State, post, p. 598, 177 So. 168. There is no necessity to again discuss these questions. Each of the rulings of the court to which exceptions were reserved upon this trial is sustained and held to be without error, upon authority of the Parker Case, supra.

Affirmed.