ROWE *v.* CITY OF WINONA

No. 42862 January 13, 1964 159 So. 2d 282

*Brewer, Brewer & Evans,* Greenwood; *William Liston,* Winona, for appellant.

*Bell & McBee,* Greenwood; *Rupert Ringold,* Winona, for appellee.

LEE, C. J.

This was a suit by Mrs. Vernon D. Rowe against the City of Winona to recover damages for personal injuries sustained by reason of a fall on account of the alleged negligence of the City in failing to exercise reasonable care to maintain a certain sidewalk of the city in a reasonably safe condition. At the close of the plaintiff's evidence, the court granted the City's motion to exclude the evidence and directed the jury to find a verdict for the defendant. From the judgment, entered in accordance with the instruction of the court, the plaintiff appealed.

The plaintiff testified that she was seventy-five years of age at the time of the accident, was under the care of a physician, and was taking medication for control of her blood pressure; that, on January 24, 1961, she was walking from her home in the City of Winona to town; that it was a cloudy day, with a slight wind blowing; that her course was elevated, being uphill; that she was accustomed to walk to town several times each week; that she was following the way that she had walk-

ed many times in the past; that a short distance after turning a corner near Snyder's store, she stepped into a crack of the sidewalk which ran across the whole block; that the crack was wide enough to catch her shoe heel and pull it off; that she fell and sustained personal injuries as detailed; that cracks in the streets and sidewalks were all over town; that she had previously observed this crack in the sidewalk and passed over it many times; and that she made no attempt to avoid it, but thought she was stepping over it.

The other evidence was merely corroborative of the existence of a crack and of the injuries which the plaintiff sustained.

The appellant, among her citations particularly emphasizes City of Laurel v. Hutto, 220 Miss. 253, 70 So. 2d 605, Shows v. City of Hattiesburg, 231 Miss. 648, 97 So. 2d 366, and City of Corinth v. Gilmore, 236 Miss. 296, 110 So. 2d 606, and maintains that, under the principles in those cases, the court was in error in taking the case from the jury.

In the Hutto case, supra, there was a hole 14 inches in diameter and a foot deep. Besides it had been washed out from underneath. Too, the injury occurred at night, and Miss Hutto could not see because the path was unlighted. In addition, the city employees had worked in and about this place on the day of and prior to the injury and had an opportunity to observe the condition of the walkway. Under those circumstances the court recognized that a city is liable for failure to exercise reasonable care to keep its streets and sidewalks reasonably safe for use by persons exercising reasonable care. That is the law of this state and the cases, supporting that principal, are legion. Liability was imposed upon the city because Miss Hutto was exercising reasonable care as she crossed the bridge at night and the city employees negligently failed to remedy the defect after having an opportunity to do so.

In the Shows case, supra, an eight year old boy was leaving the school grounds of a large city school. In immediate proximity to the grounds, the city, for drainage purposes, maintained two culverts which lacked several feet of joining. Besides the ditch, into which he fell, was covered with leaves and refuse of all kinds, and, to all intents, constituted a trap near the grounds frequented by large numbers of children. Under the circumstances, the city had failed to exercise care as is required and was pointed out in the Hutto case, supra.

In the Gilmore case, supra, the overhanging shed of an old brick building, without proper supports, in a busy part of the city, collapsed while the decedent was standing under it. Cracks in the building were visible from the street and sidewalk. Liability was upheld against the city on the principle that a municipality is also under the duty to exercise reasonable care to guard against defects from overhead as well as from underfoot. The opinion cited Warren v. City of Tupelo, 187 Miss. 816, 194 So. 293, and City of Hattiesburg v. Hillman, 222 Miss. 443, 76 So. 2d 368, as particularly applicable to that principle.

In the three above cited cases, the cities were guilty of negligence but the complainants, being unaware of conditions, were exercising reasonable care. However, in the present case, Mrs. Rowe knew about the existence of the crack in the walk and frankly stated that she thought she was stepping over it. As a matter of fact, she knew that the crack was there — one merely big enough on which to catch her shoe heel. Obviously the sole cause of her fall was her own miscalculation about the length of the step which she was taking at the time. Unlike the cases which she had cited, there was nothing concealed in this instance to mislead a pedestrian in the exercise of ordinary care. Mrs. Rowe had actual knowledge of the condition.

Since there was no dispute whatever in the facts, there was no basis upon which to submit an issue to the jury.

Affirmed.

*Gillespie, McElroy, Jones and Brady, JJ.,* concur.