GILLESPIE, Presiding Justice:
In affirming this case we hold that the jury in the Circuit Court of Prentiss County was justified in finding that the City of Baldwyn failed to use reasonable care to maintain a certain street and sidewalk in reasonably safe condition for persons using them with due care. For several years prior to the accident in question the city allowed water to drain continually from an alley across the sidewalk located at the corner of the City Hall, thence down a short ramp to the street. On the morning plaintiff was injured this water froze so as to cover a portion of the sidewalk and the ramp with a thin layer of ice but there was no ice elsewhere on the streets or sidewalks. Plaintiff slipped and fell on the ice as she stepped on the ramp.
The facts are stated in the light most favorable to the plaintiff whose version the jury accepted.
Mrs. lone M. Rowan, the appellee here, operated a cafe on the east side of Second Street in the City of Baldwyn and which was north of and separated from the City Hall by an alley. Another alley ran along the south side of the City Hall, access to which was by means of a short concrete ramp from the street leading to sidewalk level. This is the ramp on which plaintiff slipped and fell. On the cold winter morning of February 1, 1965, Mrs. Rowan (hereinafter plaintiff) arrived at her cafe about 5:30 a.m. and remained there until about 9:00 a.m. at which time she went to the bank. Leaving the cafe, she crossed Second Street to the sidewalk on the west side of the street, thence south to the bank where someone told her that it had begun to rain and, thus, she should be careful upon her return. After attending her business at the bank, plaintiff proceeded downhill along the sidewalk on the west side of *159 the street to a point directly opposite the ramp leading to the alley adjacent to and south of the City Hall. She then walked down a ramp which was almost identical to the one on the east side of the street. Plaintiff descended this ramp on which there was no ice without incident and continued across the street, which looking toward the town marshal who was standing near the corner of the City Hall and who called out for plaintiff to watch out for the ice. This warning, however, was too late for plaintiff had already stepped onto the ice-covered ramp that led to the alley on the south side of the City Hall. She fell and sustained a fractured femur. She was the fourth or fifth person to fall on the ramp that morning. While plaintiff was in the bank it had begun to mist but it had not frozen on the streets and sidewalks; so the streets and sidewalks were free of ice, except at the place where plaintiff fell. The isolated patch of ice where plaintiff fell was frozen water that drained from the alley. The source of this drain water was the alley which is more elevated than the sidewalk, or the plumbing in a building, or both. The condition could have been easily remedied.
Defendant assigns as error the failure of the trial court to peremptorily direct the jury to find in favor of the defendant. It contends that as a matter of law no negligence was proven. In its supportive argument defendant refers to City of Ruleville v. Grittman, 250 Miss. 842, 168 So.2d 527 (1964) wherein this Court discussed two categories of cases involving injuries to pedestrians on streets and sidewalks, the distinction of which is based principally on the nature and origin of the defect. Defendant suggests that there is a class of cases, inferentially recognized in the Gritt-man case, where the defect is essentially hidden, easily remedied, and has existed over an extended period of time, although not originally created by the city, in which this Court has consistently held that the question of the negligence of the municipality is a jury question. The following cases are suggested by appellant as falling in this category: City of Corinth v. Gilmore, 236 Miss. 296, 110 So.2d 606 (1959); City of Hattiesburg v. Hillman, 222 Miss. 443, 76 So.2d 368 (1954); City of Laurel v. Hutto, 220 Miss. 253, 70 So.2d 605 (1954).
Defendant suggests still another category of cases where the defective condition causing the injury (lj was not affirmatively created by the municipality, (2) is relatively trivial, and (3) is easily discernible by persons using ordinary care and caution for their own safety; and, it is stated, in every such case in this category this Court has held the municipality was entitled to a peremptory instruction as a matter of law. Defendant cites the following cases as illustrative of this category: Rowe v. City of Winona, 248 Miss. 411, 159 So.2d 282 (1964); City of Biloxi v. Schambach, 247 Miss. 644, 157 So.2d 386 (1963); City of Greenville v. Williams, 213 Miss. 564, 57 So.2d 266 (1952); City of Hazlehurst v. Matthews, 180 Miss. 42, 176 So.2d 384 (1937); City of Greenville v. Laury, 172 Miss. 118, 159 So. 121 (1935); City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, L.R.A.1916A, 482 (1915). Another category of cases is asserted by defendant, although there are no reported cases in this state, where the defect or hazard is created wholly by natural causes over which the municipality has no control. In such cases the municipality is not liable as a matter of law. Defendant says that this category includes the presence of snow or ice on highways, streets, and sidewalks, and that the rule applicable to this condition is stated in 39 Am.Jur., Highways, § 506 (1958), et seq.
Defendant contends that the facts in the case before this Court bring it within the last two mentioned categories, especially the latter. We agree in general with the able analysis made of the different categories of cases, but we are unable to agree that the instant case falls within groups as asserted by defendant. There are cases which do not fit into the categories mentioned in the Grittman case nor the catego- *160 ríes or sub-categories mentioned by defendant and briefly referred to above. The present is one of those cases.
We agree, as indicated in a dictum in Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.2d 827 (1941), that ice and sleet on an inclined street is by its nature dangerous and the city would ordinarily not be liable for damages sitstained when one slips thereon. If there had been a general condition of ice on the streets and sidewalks of the City of Baldwyn resulting from natural causes, reasonable care on the part of the city would not necessarily require its removal. Failure of due care on the part of the pedestrian would probably prevent recovery for injuries sustained in falling upon such street. There must be a neglect or breach of duty on the part of the city before it can be held liable for negligence.
In the case before us the hazard was not caused wholly by natural causes. The City had for years allowed water to continually drain across the sidewalk and ramp. The condition was such as to be easily remedied. The city necessarily had notice because it occurred at the corner of the City Hall. The jury had the right to find that an isolated patch of ice on the ramp would not necessarily be noticed by a person using due care in using the ramp to reach the sidewalk, and that the defendant failed to use reasonable care in allowing water to drain across the sidewalk and ramp over a long period of time and failing to eliminate the hazard of ice on the ramp in freezing weather. We are of the opinion that the question of defendant’s negligence was for the jury.
Defendant next assigns as error the refusal of the trial court to grant defendant a requested instruction that plaintiff was negligent as a matter of law- in failing to keep a proper lookout as she walked across the street. In our opinion this was a jury issue, and the issue was properly submitted to the jury in another instruction. Assuming that plaintiff could have seen the ice if she had looked directly at it, we cannot say as a matter of law that she was negligent in failing to do so. Factually significant on this question is that plaintiff had just descended an identical ramp on the west side of the street which was free from ice.
It is also contended that the trial court erred in failing to grant a new trial on the ground that the jury verdict is so excessive as to evince bias, passion and prejudice. The verdict was for $25,000. Plaintiff sustained a fractured femur, requiring a number of operations which resulted in substantial loss of the use of her leg which is now over two inches shorter than the other. She is generally confined to a wheel chair; thus, is unable to work, having closed her restaurant from which she made several thousand dollars a year before the injury. In our opinion the evidence overwhelmingly shows the verdict to be conservative in view of her injuries.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.