908 So.2d 879 (2005)
Alan Dale BOND, as Executor of the Estate of Mary Kathleen Bond, Deceased, Appellant,
v.
CITY OF LONG BEACH, Appellee.
No. 2004-CA-00222-COA.
Court of Appeals of Mississippi.
August 16, 2005.
*880 Joe Sam Owen, Gulfport, attorney for appellant.
L. Clark Hicks, Hattiesburg, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. The Estate of Mary Kathleen Bond filed suit against the City of Long Beach, Mississippi for failure to maintain its sidewalks and failure to warn of a dangerous condition. After a bench trial on the merits, the trial court ruled that the City breached no duty and that no dangerous condition existed. Feeling aggrieved of the judgment entered against it, the Estate of Mary Kathleen Bond appeals.

FACTS
¶ 2. In the late afternoon of December 5, 1998, Mary Bond tripped and fell on a Long Beach sidewalk, about one block north of 4th Street on or adjacent to the sidewalk on the east side of Jeff Davis Avenue, while in the act of filming a Christmas parade. Bond suffered a comminuted fracture of her right patella, which required surgical intervention. Before trial, Bond passed away due to unrelated causes, and her husband was substituted as the executor of her estate and as the named plaintiff. The case was tried before the Honorable Jerry Terry on December 1, 2003.
¶ 3. Bond was not present to testify at trial. However, Officer Greg Frederico, a reserve sheriff's deputy, arrived at the scene shortly after her fall. According to Officer Frederico, Bond confessed that she was walking hurriedly in an effort to film the passing parade when she tripped on the sidewalk. In her deposition prior to the trial, Bond stated that she was not looking at the ground or paying attention to where she was walking at the time of the fall. Furthermore, the variation in the sidewalk where Bond believed she fell was, according to the testimony of a city maintenance manager, approximately one inch. At the conclusion of the trial, the court held that the City did not breach its duty owed to the public and that no dangerous condition existed. Aggrieved by this verdict, Bond raises the following issues on appeal: (1) whether the trial court erred in *881 finding that the City did not breach its duty to maintain its sidewalks and other public ways in a reasonably safe condition, and (2) whether the variation in the elevation of the sidewalk was a dangerous condition that the city should have reasonably anticipated would cause injury at a crowded parade in the evening.

ISSUES AND ANALYSIS

I. Whether the trial court erred in finding that the City did not breach its duty to maintain its sidewalks and other public ways in a reasonably safe condition.
¶ 4. Bond asserts on appeal that the trial court's ruling that the City did not breach its duty owed to the public is against the overwhelming weight of the evidence to the contrary. We start our discussion by noting that this Court's standard of review is that "`[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,' and his findings are safe on appeal where they are supported by substantial, credible, evidence." City of Jackson v. Perry, 764 So.2d 373, 376(¶ 9) (Miss.2000) (citing Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993); Sweet Home Water And Sewer Ass'n v. Lexington Estates, Ltd., 613 So.2d 864, 872 (Miss.1993); Allied Steel Corp. v. Cooper, 607 So.2d 113, 119 (Miss.1992)). "This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." City of Jackson, 764 So.2d at 376 (citing Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss.1985)).
¶ 5. Bond asserts that a city has a non-delegable duty to maintain its sidewalks and other public ways in a reasonably safe condition. Bell, 467 So.2d at 657. The City may be held liable if through its negligence an unreasonably safe condition is allowed to exist and damage or injury proximately results. City of Laurel v. Upton, 253 Miss. 380, 390, 175 So.2d 621, 623-24 (1965). A municipality may be held liable if it fails to exercise ordinary care to maintain its sidewalks in such a reasonably safe condition where injury is reasonably foreseeable to persons exercising reasonable care for their own safety. City of Tupelo v. Vaughn, 246 So.2d 88, 89 (1971); City of Biloxi v. Schambach, 247 Miss. 644, 650, 157 So.2d 386, 390 (1963).
¶ 6. Essentially, Bond argues that the City of Long Beach failed to exercise ordinary care by failing to undertake the duty of such care altogether, and that therefore the City must be held responsible for any damages arising therefrom. See City of Pascagoula v. Kirkwood, 86 Miss. 630, 38 So. 547 (1905) (holding municipalities responsible for all damages resulting from the failure to exercise reasonable diligence). At the time of the Bond's accident, a company called OpTech was providing labor for the City of Long Beach to operate public works, which included repairs to city sidewalks. The testimony at trial indicated that the City had no formal inspection system in place, instead relying on the happenstance observations of local citizens and city employees to notify them of potential hazards. In short, Bond argues that since no system to insure regular inspections took place prior to the accident, the City failed to maintain its sidewalks in a reasonably safe condition.
¶ 7. The City of Long Beach concedes that a municipality must use reasonable care to keep its sidewalks in a reasonably safe condition. In fact, no liability may attach to a municipality for an accident involving a condition that is reasonably safe. Schambach, 247 Miss. at 654, 157 So.2d at 390. Furthermore, no municipality or property owner can be expected *882 to maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed. Id. at 391. The City of Long Beach argues that not only did the trial court have ample grounds to find that the sidewalk was reasonably safe, but that to hold otherwise would make Long Beach the absolute insurer of the safety of its citizens. This argument is well taken.
¶ 8. That the City of Long Beach had no formal inspection program prior to Bond's accident does not presuppose that the sidewalk she allegedly fell on was itself in an unreasonably unsafe condition. While a regular inspection program is certainly prudent, whether the trial court was manifestly wrong in finding that the sidewalk in question was not dangerous is the only issue that is pertinent to our determination. No municipality is laden with the burden of making its sidewalks perfectly level or in a condition which eliminates the possibility of an accident. Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss.1967). Our Courts have given recognition to the fact that all citizens should expect to encounter sidewalk cracks, variations and other minor defects which occur for various reasons including natural attrition. See, e.g., Rowe v. City of Winona, 248 Miss. 411, 416, 159 So.2d 282, 283 (1964) (upholding a trail court's grant of directed verdict in favor of city where the defect in the sidewalk was a crack wide enough to catch the heel of a pedestrian's shoe); City of Meridian v. Raley, 238 Miss. 304, 312, 118 So.2d 342, 345 (1960) (reversing judgment in favor of a pedestrian who tripped by stepping in a hole between the end of a dirt sidewalk and the beginning of a concrete sidewalk partly covered by grass).
¶ 9. In City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, 183 (1915), our Supreme Court held that a three-inch depression in a sidewalk does not in and of itself render a city liable for injuries sued for. The Crook court ruled that to hold otherwise "would be equivalent to holding that sidewalks in the residence portion of our cities must not deviate three inches from a perfectly smooth surface . . . the practical result rendering municipalities insurers of the safety of pedestrians." Crook, 109 Miss. 700, 69 So. at 184. Just as the plaintiff in the Crook decision, Bond was in a hurry while walking down a city sidewalk. She tripped on an irregularity in the pavement of approximately one inch, if the area in which she asserts she fell is indeed the correct spot. While the height of the raised surface alone is not dispositive of this controversy, we simply cannot say, based upon the facts sub judice, that the trial judged committed any error in ruling in favor of the City of Long Beach and therefore must affirm this assignment of error.

II. Whether the variation in the elevation of the sidewalk was a dangerous condition that the city should have reasonably anticipated would cause injury at a crowded parade in the evening.
¶ 10. Bond's next assignment of error asserts that the elevation of the sidewalk created a dangerous condition which the City should have anticipated would have caused an injury at a crowded parade in the evening. We find this assignment of error equally unavailing. As we have previously noted, the trial court found that the sidewalk in question was simply not unreasonably dangerous despite its elevation. We cannot say that the trial court's decision was manifestly wrong or erroneous. We affirm this assignment of error.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON *883 COUNTY IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.