BARNES, J., for the Court:
 

 ¶ 1. In this premises liability case, Jodie Penton appeals from the order granting Boss Hoggs Catfish Cabin, LLC’s motion for summary judgment. Finding no error, we affirm the grant of summary judgment.
 

 FACTS
 

 ¶ 2. On February 24, 2005, Jodie Penton went to Boss Hoggs’ establishment to purchase catfish meals for her employer for a school board meeting. Penton stated that she parked close to the front of the restaurant and that there was only one entrance. In order to enter the restaurant, a customer was required to walk over a concrete pad or slab and a wooden handicap ramp. After waiting for the food to be prepared, Penton carried the food to her vehicle with the help of an employee. According to Penton, it had started sprinkling but was not raining at the time. As Penton turned to go back into the restaurant to pick up a receipt for the food, she tripped on the concrete pad leading to the handicap ramp. She stated that as she turned her heel, she caught the exposed pad. She fell forward, landing on her right side. According to Penton, the fall caused her to suffer severe and permanent damage to her arm.
 

 ¶ 3. Penton filed a complaint on February 15, 2008, in the Pearl River County Circuit Court against Boss Hoggs as a result of the fall. An answer was filed on June 2, 2008, and LEMIC Insurance Company filed a motion for leave to intervene on September 29, 2008, because of workers-compensation payments made to Pen-ton as a result of the accident. An agreed order allowing the intervention was filed on October 27, 2008. The motion for summary judgment was filed on May 11, 2009. On July 21, 2009, the circuit court entered an order granting Boss Hoggs’ motion for summary judgment.
 

 ¶ 4. Mary Franz, the owner of the restaurant, stated that she and her husband purchased the restaurant in March 2004 and made no changes or improvements to the building. The handicap ramp and concrete pad or slab were already in place. Prior to Penton’s fall, there were no complaints concerning the concrete pad or the handicap ramp. Franz stated that she had never conducted any inspection of the grounds of the restaurant. The restaurant and building were sold in July 2006.
 

 ¶ 5. Penton stated that she had visited the restaurant on at least two previous, separate occasions and had used the same ramp to enter and exit the restaurant. She stated that on these prior occasions she did not have any problem using the entrance ramp and that she made no complaint to the owner about the concrete pad or handicap ramp.
 

 STANDARD OF REVIEW
 

 ¶ 6. Mississippi Rule of Civil Procedure 56(c) provides that:
 

 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admis
 
 *1210
 
 sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 

 In order for summary judgment to be granted, it must be established that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law.
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 682 (Miss.1987). The non-moving party “is not entitled to rely on general allegations or denial, but must come forward with ‘significant probative evidence demonstrating the existence of triable issues of fact.’ ”
 
 Prescott v. Leaf River Forest Prods., Inc.,
 
 740 So.2d 301, 309 (¶ 15) (Miss.1999) (quoting
 
 Brown v. Credit Ctr. Inc.,
 
 444 So.2d 358, 364 (Miss.1983)). The Court reviews the court’s grant or denial of a motion for summary judgment de novo, “making it own determination on the motion[.]”
 
 Lowery v. Guar. Bank & Trust Co.,
 
 592 So.2d 79, 81 (Miss.1991). “The evidentiary matters are viewed in the light most favorable to the nonmoving party.”
 
 Id.
 

 DISCUSSION
 

 ¶ 7. In analyzing the duty of care owed by a property owner to a personal injury plaintiff, the Mississippi Supreme Court adheres to the common law distinction between an invitee and a licensee. In the present case, there is no dispute that Penton was an invitee on the date of the accident. Under Mississippi law, an invitee is a person who goes upon the property of another in answer to the express or implied invitation of the owner for their mutual benefit.
 
 Skelton ex rel. Roden v. Twin County Rural Elec. Ass’n,
 
 611 So.2d 931, 936 (Miss.1992);
 
 Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.,
 
 518 So.2d 646, 647 (Miss.1988). Penton went to the restaurant for the purpose of buying catfish dinners for her employer. The duty owed by the landlord to an invitee is a duty of reasonable care for the invitee’s safety.
 
 Hall v. Cagle,
 
 773 So.2d 928, 929 (¶ 5) (Miss.2000).
 

 ¶ 8. It is well established that a business “owner or occupant is not an insurer against all injuries” of its invitees.
 
 Munford, Inc. v. Fleming,
 
 597 So.2d 1282, 1284 (Miss.1992) (citations omitted). A duty to warn only exists “if the operator is aware of a dangerous condition which is not readily apparent to the invitee[.]”
 
 Id.
 

 ¶ 9. Merely proving that the accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent.
 
 Byrne v. Wal-Mart Stores, Inc.,
 
 877 So.2d 462, 465 (¶ 6) (Miss.Ct.App. 2003) (citing
 
 Sears Roebuck & Co. v. Tisdale,
 
 185 So.2d 916, 917 (Miss.1966)).
 

 ¶ 10. First, Penton must show that a dangerous condition existed. She must show that there was “significant probative evidence demonstrating the existence of a triable issue of fact.”
 
 Young v. Wendy’s Int'l, Inc.,
 
 840 So.2d 782, 784 (¶ 5) (Miss.Ct.App.2003) (quoting
 
 Newell v. Hinton,
 
 556 So.2d 1037, 1042 (Miss.1990)). The existence of a dangerous condition cannot be shown merely because an accident occurred. On at least two previous occasions, Penton had traversed the concrete pad without incident, and it was only on her return to the restaurant to obtain a receipt that she fell.
 

 ¶ 11. As the Mississippi Supreme Court has held, the existence of a slight height difference on a walkway does not constitute an unreasonable dangerous condition.
 
 E.g., Rowe v. City of Winona,
 
 248 Miss. 411, 159 So.2d 282 (1964) (upholding a trial court’s grant of a directed verdict for the City where the defect in the sidewalk was a crack wide enough to catch the
 
 *1211
 
 heel of a pedestrian’s shoe);
 
 City of Biloxi v. Schambach,
 
 247 Miss. 644, 157 So.2d 386 (1963) (three- to- four-inch difference in height between sidewalk blocks not sufficient to impose liability);
 
 Bond v. City of Long Beach,
 
 908 So.2d 879 (Miss.Ct.App. 2005) (this Court affirmed the ruling of the trial court that there was no breach of duty where the plaintiff tripped on an irregularity in the pavement of approximately one inch).
 

 ¶ 12. In this case, there is no specification of the difference in height between the parking lot and concrete pad at the location where Penton fell. There is, however, a photograph of the parking lot, concrete pad, and wooden ramp. Penton contends that the photograph shows that parts of the concrete pad were flush with the parking lot while others were higher than the parking lot, rendering the concrete pad unreasonably dangerous. From our review of the photograph, we see an obvious distinction between the parking lot, the concrete pad, and the wooden ramp. While the height of the concrete pad may not have been uniform in relation to the parking lot, there is nothing in the record to create a genuine issue of material fact that the concrete pad created a dangerous condition. We thus affirm the circuit court’s grant of summary judgment.
 

 ¶ 13. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.