# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01041-COA

**PEGGY TRULL**                                                                 **APPELLANT**

**v.**

**MAGNOLIA HILL, LLC D/B/A RIVERWALK**                          **APPELLEE**
**CASINO OF VICKSBURG, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER E. KITTELL |
| ATTORNEYS FOR APPELLEE: | JASON H. STRONG |
| | TOM JULIAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT TO APPELLEE |
| DISPOSITION: | AFFIRMED – 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., ISHEE, ROBERTS AND CARLTON, JJ.

### ISHEE, J., FOR THE COURT:

¶1. In July 2011, while exiting the Riverwalk Casino in Vicksburg, Mississippi, Peggy Trull tripped and fell. She sued Magnolia Hill LLC d/b/a Riverwalk Casino of Vicksburg LLC (Riverwalk), in the Warren County Circuit Court, alleging that her fall was due to a rug that was buckled and not lying flat, causing a dangerous condition. After some discovery took place, Riverwalk filed a motion for summary judgment, which the circuit court held in abeyance until discovery was completed. When discovery was complete, the circuit court held a hearing on the motion for summary judgment and subsequently granted it. Trull now

appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2. On July 9, 2011, Trull, age seventy, visited Riverwalk and tripped and fell while exiting the premises. Specifically, Trull fell at the threshold where the carpeting covering the casino floor meets the tile at the casino's entrance and exit. The threshold rises 0.25 inches high by 1.25 inches wide over the length of the threshold. Near the threshold was a mat, referred to by Trull as a rug.

¶3. Trull filed suit against Riverwalk on October 14, 2011, alleging that Riverwalk created a dangerous condition causing her to fall and injure herself. In her complaint, Trull asserted that the rug over which she tripped constituted a dangerous condition in that "[it] was buckled and would not lay flat." Riverwalk denied the allegations, stating that there was not a dangerous condition at the site where Trull fell, and that Trull's own negligence was the cause of her fall.

¶4. After some discovery was completed, Riverwalk filed a motion for summary judgment. Therein, Riverwalk repeatedly referenced the video surveillance of Trull's fall that had been produced during discovery. The surveillance shows the mat was not buckled, but was lying flat, and that Trull actually tripped near the threshold itself. In response, Trull abandoned her earlier argument regarding the mat, and instead argued that the threshold created a dangerous condition. After a hearing on the matter, the circuit court held Riverwalk's motion in abeyance until discovery could be completed.

¶5. Riverwalk then designated Dr. Jerry Householder, a professional engineer, as its expert witness. Trull did not designate an expert witness. Dr. Householder proceeded to

2

inspect the threshold in question. He concluded that the threshold's height and width complied with standards promulgated under the Americans with Disabilities Act (ADA) and did not constitute a dangerous condition. Riverwalk supplemented its motion with the affidavit of Dr. Householder.

¶6. Soon thereafter, discovery was completed, and the circuit court granted Riverwalk's motion for summary. After a substantial analysis of the facts and applicable law, the circuit court determined that Trull had not shown that any dangerous condition existed at the time of her fall nor that Riverwalk owed her any duty related to her fall. It is from that order that Trull now appeals.

**DISCUSSION**

¶7. It is well settled that an appellate court "reviews a trial court's grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard." *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011) (citation omitted). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995) (citation omitted) (citing M.R.C.P. 56(c)). Furthermore, in order for a claimant to succeed in a slip-and-fall case, "he must show [that] the proprietor had actual knowledge of a dangerous condition, *or* [that] the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, . . . *or* [that] the dangerous condition was created through a negligent act of [the] proprietor or his employees." *Munford Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992).

3

Under any theory, the claimant must first prove that a dangerous condition existed that led to her alleged injury.

¶8.     Trull maintains that the threshold constitutes a dangerous condition under the law. However, on appeal, Trull now asserts that the threshold constitutes a concealed danger. Specifically, she refers to the threshold as a deviation "from the normally encountered conditions, such as thresholds and curbs," in an effort to distinguish the instant case from the line of cases cited by Riverwalk and by the circuit court, which hold that slight height differences in walkways and thresholds do not constitute dangerous conditions. *See, e.g., McGovern v. Scarborough*, 566 So. 2d 1225, 1226 (Miss. 1990) (holding that a threshold rising 1.75 inches above the surrounding floor was not a dangerous condition); *Rowe v. City of Winona*, 248 Miss. 411, 415, 159 So. 2d 282, 283 (1964) (holding that a crack in a sidewalk large enough to catch claimant's shoe heel was not a dangerous condition); *Bond v. City of Long Beach*, 908 So. 2d 879, 880-82 (¶¶2-9) (Miss. Ct. App. 2005) (holding that a one-inch variation in height along a sidewalk was not a dangerous condition). Nonetheless, she provides no evidence other than her bare assertions to support her argument.

¶9.     Whether arguing that the threshold is a generally dangerous condition or a concealed danger, Trull cannot rely on her testimony alone as evidence that the threshold in question actually constituted a danger.  Although this Court must view the evidence in the light most favorable to the nonmoving party in summary-judgment cases, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).  We have previously summarized this to mean that "[t]he non-moving party is not entitled to rely

4

on general allegations or denial[s], but must come forward with significant probative evidence demonstrating the existence of triable issues of fact." *Penton v. Boss Hoggs Catfish Cabin LLC*, 42 So. 3d 1208, 1210 (¶6) (Miss. Ct. App. 2010) (citation omitted).

¶10.    As noted above, Mississippi caselaw has consistently held that the existence of slight variations in walkways or thresholds does not constitute a dangerous condition. *See, e.g., McGovern*, 566 So. 2d at 1226; *Rowe*, 248 Miss. at 415, 159 So. 2d at 283; *Bond*, 908 So. 2d at 88-82 (¶¶7-9).   Likewise, in *Penton*, we held that "the existence of a dangerous condition cannot be shown merely because an accident occurred." *Penton*, 42 So. 3d at 1210 (¶10).  In *Penton*, the claimant had repeatedly traversed a concrete pad near a restaurant and eventually tripped and fell, allegedly due to the pad's comparatively raised height.  *Id*. at 1210-11 (¶¶10, 12).  There, we recognized that there was "an obvious distinction between the parking lot, the concrete pad, and the wooden ramp."  *Id*. at 1211 (¶12).   However, Penton had walked over the concrete pad without incident on at least two occasions immediately prior to her fall.  *Id*. at 1210 (¶10).  In affirming summary judgment for the restaurant, we held that "[w]hile the height of the concrete pad may not have been uniform in relation to the parking lot, there is nothing in the record to create a genuine issue of material fact that the concrete pad created a dangerous condition." *Id*. at 1211 (¶12) "It is well established that a business owner or occupant is not an insurer against all injuries of its invitees." *Id*. at 1210 (¶8) (citation omitted).

¶11.    Here, Trull testified that she had entered and exited Riverwalk through the very entrance and exit hall where she fell over thirty times prior to her accident in July 2011. The records from Trull's Riverwalk player's card show that she actually visited the casino on 134

occasions leading up to the fall. The first visit occurred in March 2010. There is no evidence in the record indicating that Riverwalk altered the threshold in any way from March 2010 until July 2011. Rather, Riverwalk maintains that the threshold has consistently remained 0.25 inches high and 1.5 inches wide at all relevant times, with approximately 500,000 patrons crossing over the threshold without incident during that time frame. Furthermore, the undisputed testimony of Riverwalk's expert reflects that the threshold's measurements do not create a dangerous condition and, in fact, comply with ADA standards for acceptable threshold heights and widths — facts that Trull has yet to contest.

¶12. Having reviewed the record in its entirety, we agree with the circuit court's determination that Trull has failed to show that any material fact remains as to the existence of a dangerous condition, either general or concealed, that would have caused her to fall. Thus, we affirm the circuit court's grant of summary judgment to Riverwalk. This issue is without merit.

¶13. **THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.**

6