## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00521-COA

**JIMMIE NELL LONG**                                                                 **APPELLANT**

**v.**

**JONES COUNTY, MISSISSIPPI, BY AND**                                         **APPELLEE**
**THROUGH THE BOARD OF SUPERVISORS**

DATE OF JUDGMENT:                 04/02/2024
TRIAL JUDGE:                            HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:    JONES COUNTY CIRCUIT COURT,
                                               SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        SAMUEL CHRISTOPHER FARRIS
ATTORNEYS FOR APPELLEE:         WILLIAM ROBERT ALLEN
                                               KATELYN ADELE RILEY
NATURE OF THE CASE:                CIVIL - PERSONAL INJURY
DISPOSITION:                          AFFIRMED - 02/03/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Jimmie Nell Long filed a premises liability complaint against Jones County after she

tripped and fell on a sidewalk outside the Jones County Courthouse.  The circuit court

granted Jones County's motion for summary judgment, ruling that Long "failed to show that

a genuine issue of material fact exists in regards to her claim that the sidewalk in question

here constituted a 'dangerous condition.'"  Long appealed.  We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     In June 2017, Long was injured when she tripped and fell on a crack or uneven seam

in a sidewalk outside the Jones County Courthouse.  Long sued Jones County under the

Mississippi Tort Claims Act (MTCA), alleging that the County failed to maintain the sidewalk in a safe condition. The circuit court granted Jones County's motion for judgment on the pleadings pursuant to Mississippi Rule of Civil Procedure 12(c). However, this Court reversed and remanded, holding that the *allegations* of the complaint were sufficient to state a claim for relief. *Long v. Jones County*, 301 So. 3d 62 (Miss. Ct. App. 2020).

¶3. Following remand and discovery, Jones County filed a motion for summary judgment with Long's deposition and a photograph of the sidewalk crack or seam attached as exhibits. Long filed a response. After a hearing, the circuit court granted Jones County's motion, ruling that after viewing the facts and evidence in the light most favorable to Long, she "failed to show that a genuine issue of material fact exists in regards to her claim that the sidewalk in question here constituted a 'dangerous condition.'" Long appealed.

## ANALYSIS

¶4. We review an order granting summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). Indeed, "the court *must* grant summary judgment unless . . . the record demonstrates at least the minimum quantum of evidence sufficient to justify a determination in favor of the [non-movant] by a reasonable juror." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1274 (¶19) (Miss. 2007). "When the

2

plaintiff, as in this case, bears the burden of proof at trial, a defendant may elect to move for summary judgment by identifying deficiencies in the plaintiff's evidence." *Carter v. C&S Canopy Inc.*, 381 So. 3d 399, 403 (¶9) (Miss. Ct. App. 2024) (quoting *Maxwell v. Baptist Mem'l Hosp.-DeSoto Inc.*, 15 So. 3d 427, 433 (¶15) (Miss. Ct. App. 2008)).

¶5. "[A] landowner or operator owes 'a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care.'" *Stephens v. City of Gulfport*, 379 So. 3d 399, 407 (¶26) (Miss. Ct. App. 2024) (quoting *Fulton v. Robinson Indus. Inc.*, 664 So. 2d 170, 175 (Miss. 1995)). "[R]egardless of the invitee's precise theory of premises liability, proof that her injury was caused by a '*dangerous condition*' is an essential element of her claim." *Martin v. Trustmark Corp.*, 292 So. 3d 245, 248 (¶11) (Miss. Ct. App. 2019) (emphasis added) (quoting *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶12) (Miss. Ct. App. 2016)); *see also, e.g.*, *McCullar v. Boyd Tunica Inc.*, 50 So. 3d 1009, 1012 (¶13) (Miss. Ct. App. 2010) ("In every premises-liability case, the plaintiff must show that a dangerous condition exists."); *Stanley v. Boyd Tunica Inc.*, 29 So. 3d 95, 97-98 (¶10) (Miss. Ct. App. 2010) ("[A] property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists." (quotation marks omitted)).

¶6. "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions. *Often such pathways contain cracks and changes in elevation; and, as such, they do not become hazardous conditions simply because*

3

*they contain minor imperfections or defects.*" *Knight v. Picayune Tire Servs. Inc.*, 78 So. 3d 356, 359 (¶9) (Miss. Ct. App. 2011) (emphasis added) (quotation marks and brackets omitted); *see also, e.g.*, *Trull v. Magnolia Hill LLC*, 171 So. 3d 518, 521 (¶10) (Miss. Ct. App. 2014) ("Mississippi caselaw has consistently held that the existence of slight variations in walkways . . . does not constitute a dangerous condition."); *Penton v. Boss Hoggs Catfish Cabin LLC*, 42 So. 3d 1208, 1210 (¶11) (Miss. Ct. App. 2010) (same). As this Court has explained, "no . . . property owner can be expected to maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed." *Bond v. City of Long Beach*, 908 So. 2d 879, 881-82 (¶7) (Miss. Ct. App. 2005). Thus, in *Penton*, a customer tripped and fell on an uneven concrete pad on the walkway between a restaurant and its parking lot, but we held as a matter of law that the minor defect was not a dangerous condition. *Penton*, 42 So. 3d at 1210-11 (¶¶11-12). Similarly, in *Knight*, we held that a "seam" creating an uneven surface in an asphalt parking lot is not a dangerous condition. *Knight*, 78 So. 3d at 358-59 (¶¶4-5, 8-9). More recently, we held that a one-half-inch height difference between two slabs of a sidewalk to a pool did not constitute a dangerous condition. *Rodriguez v. Diamondhead Country Club & Prop. Owners Ass'n Inc.*, 419 So. 3d 949, 954-55 (¶¶16-19) (Miss. Ct. App. 2025), *cert. denied*, 418 So. 3d 101 (Miss. 2025); *see also Jones*, 187 So. 3d at 1105 (¶15) (collecting additional cases).

¶7.    The same basic rules apply to sidewalks maintained by counties and cities.[1] A county

---

[1] Subject to various specific immunities and exemptions, the MTCA waives "the immunity of the state and its political subdivisions from claims for money damages arising

or city has "a non-delegable duty to maintain its sidewalks and other public ways in a reasonably safe condition" and "may be held liable if through its neglect an unreasonably unsafe condition is allowed there to exist and damage or injury approximately results." *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 659 (Miss. 1985). However, "*no municipality or property owner can be expected to maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed.*" *Bond*, 908 So. 2d at 881-82 (¶7) (emphasis added) (citing *City of Biloxi v. Schambach*, 247 Miss. 644, 655, 157 So. 2d 386, 391 (1963)). In *Bond*, we explained that "all citizens should expect to encounter sidewalk cracks, variations and other minor defects which occur for various reasons including natural attrition." *Id.* at 882 (¶8). Therefore, we affirmed the trial judge's ruling that a one-inch "irregularity" in a sidewalk did not give rise to a tort claim against the city. *Id.* at (¶9).[2]

¶8.     Here, the summary judgment record includes a photograph that Long provided of the

out of the *torts* of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss. Code Ann. § 11-46-5 (Rev. 2019) (emphasis added). Therefore, a plaintiff in an MTCA case must prove some underlying tort.

[2] *See also, e.g.*, *Rowe v. City of Winona*, 248 Miss. 411, 413-16, 159 So. 2d 282, 282-83 (1964) (holding as a matter of law that the city was not liable for injuries the plaintiff sustained when she tripped on a sidewalk crack "big enough . . . to catch her shoe heel"); *City of Biloxi*, 247 Miss. at 655-59, 157 So. 2d at 391-93 (holding that the plaintiff's trip-and-fall claim failed as a matter of law because a sidewalk seam with a height differential of one and a half or two inches was not a dangerous condition); *City of Greenville v. Laury*, 172 Miss. 118, 121-24, 159 So. 121, 121-22 (1935) (holding as a matter of law that the city was not liable for injuries the plaintiff sustained when she stepped into a depression of three inches or less in a city street adjacent to the sidewalk); *City of Meridian v. Crook*, 109 Miss. 700, 710-16, 69 So. 182, 182-85 (1915) (holding as a matter of law that the city was not liable for injuries the plaintiff sustained when she stepped into a "depression . . . not exceeding three inches" "caused by a misplaced brick in a brick paved sidewalk").

sidewalk's crack or seam on which she allegedly tripped. A credit card is held against the crack or seam in order to demonstrate the height differential. The photograph shows that the height differential created by the crack or seam is no more than one inch and probably less. Under settled Mississippi precedent, this sort of minor imperfection in a sidewalk simply is not an unreasonably dangerous condition that will give rise to a premises liability claim. *Knight*, 78 So. 3d at 359 (¶9); *Bond*, 908 So. 2d at 881-82 (¶7). Because there is no genuine issue of material fact, and the undisputed facts show that no unreasonably dangerous condition existed, the circuit court properly granted Jones County's motion for summary judgment.[3]

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[3] Because we affirm on this ground, we need not address Jones County's arguments that it is also entitled to summary judgment based on the MTCA's discretionary-function and adequate-resources exemptions. *See* Miss. Code Ann. § 11-46-9(d), (g) (Rev. 2019).